BORDEN, INC., Plaintiff,

v.

UNIVERSAL INDUSTRIES CORPORATION, Defendant.

No. EC 78–204–WK–O.

United States District Court, N. D. Mississippi, E. D.

Jan. 23, 1981.

Christy D. Jones, Jackson, Miss., Edward A. Matto, Columbus, Ohio, for plaintiff.

Dewitt T. Hicks, Jr., Columbus, Miss., I. Walter Bader, White Plains, N. Y., for defendant.

## ORDER DENYING CLASS CERTIFICATION

KEADY, Chief Judge.

This action was commenced by the filing of a simple three-page complaint by Borden, Inc., a New Jersey corporation, with principal place of business in a state other than Mississippi, against Universal Industries, a Mississippi corporation with principal place of business in Mississippi, alleging damages for breach of contract in the amount of $293,531.03. The simplicity of the case disappeared upon the filing of Universal's answer, which incorporated a counterclaim asserting state antitrust violations, and two years and three months later, the court is called upon to certify a class action of approximately 1,000,000 "indirect" Mississippi purchasers of refined sugar manufactured, sold, and/or distributed by Borden, Inc., or any subsidiary or related corporation of Borden.[1]

Universal asserts that Borden violated Mississippi antitrust laws by making known false representations with the purpose and effect of inflating the prices of refined sugar and products manufactured from refined sugar. Specifically, Universal invokes Miss. Code Ann. §§ 75–21–1 and 75–21–9 (1972). The latter section provides as follows:

> Any person, natural or artificial, injured or damaged by a trust and combine as herein defined, or by its effects direct or indirect,[2] may recover all damages sustained by him or it and in addition a penalty of five hundred dollars ($500.00), by suit in any court of competent jurisdiction. Said suit may be brought against one or more of the parties to the trust or combine and one or more of the officers and representatives of any corporation a party to the same, or one or more of either. Such penalty may be recovered in each instance of injury. All re-

---

1. Certification of a class is sought only as to defendant's second counterclaim and only on behalf of "indirect" purchasers, since the claims of "direct" purchasers were settled by the parties and approved before the Multi-District Litigation Court in MDL 201A. The first counterclaim is not being pressed by defendants.

2. The use of the phrase "or by its effect direct or indirect" leads Universal to conclude that indirect purchasers may recover under the Mississippi statute although they may not under the Sherman Act. *See Illinois Brick Co. v. Illinois,* 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977).

coveries herein provided for may be in one suit.

 Several problems regarding class certification emerge from the facts. Initially, since the counterclaim asserts a state law violation, it is clear that each member of the class must satisfy the $10,000 jurisdictional amount requirement of 28 U.S.C. § 1332. *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). A Universal corporation official stated in her affidavit that the claim of each class member was approximately $1,000. Since Universal has failed to show which, if any, class members have claims in excess of $10,000, class certification must be denied.[3]

Aside from the jurisdictional issues and other deficiencies which we deem unnecessary to discuss, it is clear to us that the requirements of Rule 23(b)(3), F.R. Civ.P., are not met in this case.[4] First, it cannot be said that common questions of law or fact predominate over individual questions. Individual questions of impact and nature and extent of damages would be expected to predominate over proof regarding the existence vel non of a conspiracy.

Furthermore, we conclude that the class action device is not a superior means of adjudicating the claims of the proposed class members. The case would be totally unmanageable as a class action. The notice required by 23(b)(3) would be impossible to effectuate or, if possible, so expensive as to absorb any possible recovery on the part of class members. Determination of damages would likely require years of proof regarding the effect of a conspiracy between Borden and other sugar companies on the various vertical levels of distribution. Finally, the allocation of damages, once ascertained, would be, in our mind, impossible.

The class action device was intended, inter alia, to assist courts in conducting in some orderly fashion and in one case common issues which would otherwise have required the maintenance of many repetitive separate trials, and not to hinder courts in the disposition of cases which, absent the class action aspects of the case, could be handled simply, quickly and efficiently. Accordingly, it is

ORDERED

That class certification be and the same hereby is denied.

---

3. *Hughes Construction Co. v. Rheem Mfg. Co.,* 487 F.Supp. 345 (N.D.Miss.1980) is readily distinguishable. Claimants there specifically requested in their prayer for relief that defendants' profits be distributed as a common fund among the class members as their interests appeared. No such demand appears in the case sub judice. It is clear to us that the damage suffered by various proposed class members would be based on individual and not common factors, such as the distributive level of the purchaser (i. e., whether ultimate consumer or retailer), and extent of dealing with Borden, hence making aggregation of damages inappropriate.

4. We conclude that neither 23(b)(1) nor (b)(2) are applicable to the facts sub judice.