Eldon LINDSEY, Plaintiff-Appellant,

v.

ALABAMA TELEPHONE COMPANY, a corporation, Continental Telephone Company of the South, a corporation, et al., Defendants-Appellees.

No. 76–4114.

United States Court of Appeals, Fifth Circuit.

July 12, 1978.

Rehearing Denied Sept. 7, 1978.

Al Tidwell, John D. Self, Hamilton, Ala., for plaintiff-appellant.

John E. Grenier, Birmingham, Ala., for defendants-appellees.

Before TUTTLE, GEE and FAY, Circuit Judges.

TUTTLE, Circuit Judge:

This is an appeal from the dismissal of a suit originally filed by Eldon Lindsey in the Circuit Court of Marion County, Alabama, against Alabama Telephone Company and Continental Telephone Company of the South. Lindsey alleged, on behalf of a class consisting of all patrons of the two telephone companies, that defendants had wrongfully extracted additional telephone deposits by threatening to suspend service unless such deposits were paid. Defendants petitioned for removal to the United States District Court for the Northern District of Alabama. Following a hearing, the district court concluded that the $10,000 amount-in-controversy requirement under the diversity statute, 28 U.S.C. § 1332, had not been satisfied and accordingly remanded to the state court for lack of subject matter jurisdiction.

Following remand, the complaint was amended to include allegations that defendants had wrongfully discontinued services and had misrepresented their authority to charge and receive additional security deposits. Defendants again petitioned for removal, and, over the plaintiff's objection, the court concluded that it was previously

in error in holding that the jurisdictional amount was not present and entered a removal order. Subsequently, the court granted defendant's motion to dismiss for failure to state a claim upon which relief could be granted.

The removal statute provides that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

■ One of the jurisdictional requirements in any civil action in which the district court's original jurisdiction is invoked under the diversity statute is that "the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs." 28 U.S.C. § 1332. Of course, the claims of several plaintiffs, suing as members of a class, cannot be aggregated for the purpose of satisfying this jurisdictional predicate. *See Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Moreover, as the Supreme Court held in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973):

The rule plainly mandates not only that there may be no aggregation [of claims] and that the entire case must be dismissed where none of the plaintiffs claim more than $10,000 but also requires that any plaintiff without the jurisdictional amount must be dismissed from the case, even though others allege jurisdictionally sufficient claims.

414 U.S. at 300, 94 S.Ct. at 511.

We must therefore consider whether, when the petition for removal was filed in the district court, the complaint adequately alleged the existence of the jurisdictional amount.

Obviously, in pleading his suit in the state court, the plaintiff was not seeking to satisfy any jurisdictional amount requirements. The complaint, therefore, may not be expected to read as if plaintiff had filed his original suit as a federal diversity action. Nevertheless, the amounts in controversy are adverted to in plaintiff's amended complaint. Having asserted what he contends to have been illegal conduct by the defendants, he made the following allegations dealing with dollar amounts:

\*      \*      \*      \*      \*      \*

7. Plaintiff avers that he and his family have been inconvenienced by the action of the defendants complained of herein and that such conduct has caused the plaintiff considerable expense and worry. That the plaintiff lost work and income because of his involvement in this controversy and claims damages in the amount of One Thousand and No/100 ($1,000.00) Dollars in compensation therefor.

8. Plaintiff avers that he and his family have been embarrassed, humiliated, and publically ridiculed by defendants' conduct and claims damages therefor of One Thousand and No/100 ($1,000.00) Dollars.

9. Plaintiff avers that certain other class members have paid the amount demanded by defendants rather than have their telephone service suspended. Plaintiff further avers that such money should be refunded to said class members with interest.

10. Plaintiff avers that other class members have been inconvenienced, embarrassed, humiliated and otherwise damaged by defendants' conduct and claims such damages as said class members can show unto the Court.

11. Plaintiff avers that the defendants' conduct was willful or wanton and proximately caused the damages complained of herein, and plaintiff on behalf of the class claims exemplary damages of One Million and No/100 ($1,000,000.00) Dollars.

The plaintiff then alleged that the defendants' false representations in the illegal suspension of service amounted to a willful, intentional, knowing and malicious breach

of a duty owed to "the plaintiff and other class members;" that the plaintiff and other class members relied on said misrepresentations to their detriment; and that said misrepresentations proximately caused the damages complained of. After alleging that the defendants wrongfully, maliciously and intentionally extracted payments of deposits from the plaintiff and other class members by threatening to suspend telephone service, plaintiff further alleged that defendants had "wrongfully suspended telephone service to the plaintiff and other class members."

The judgment prayed for was contained in the following language:

WHEREFORE, plaintiff demands judgment against defendants as follows:

a. Plaintiff demands judgment against the defendants in the sum of Two Thousand and No/100 ($2,000.00) Dollars.

b. Plaintiff demands judgment, as representative of the class herein delineated for such damages as may be shown to have been suffered by other class members.

c. Plaintiff moves this Court to issue an injunction to defendants which injunction shall define the defendants' duty to class members relative to demands for additional deposits.

d. Plaintiff demands judgment against defendants in the sum of One Million Two Thousand and No/100 ($1,002,000.00) Dollars, interest and costs.

e. Plaintiff moves the Court for such other or special relief as the Court deems appropriate.

We construe the complaint to claim: 1) $2,000 compensatory damages for the named plaintiff; 2) compensatory damages for "other class members" of the same categories as claimed by the plaintiff on his own behalf; and 3) $1,000,000 exemplary damages on behalf of the class. The demand for judgment, totalling $1,002,000, represents the total claim for the benefit of the plaintiff and the class to cover his compensatory damages, as well as his and the class' exemplary damages. Only the amount of compensatory damages claimed on behalf of the class remained unspecified.

Significantly, the complaint nowhere alleges the number of persons in the class, an allegation that would have permitted the court to ascertain what dollar amount represents the "amount in controversy" for each member of the class. Since the "status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal," *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938), it was not open for defendants to attempt to show that the class was small enough that the claims on its behalf exceeded the sum of $10,000 per capita. Nor was it open to the district court to speculate that such was in fact the case.

We hold that the district court was without subject matter jurisdiction over plaintiff's claims, and that the case therefore was not removable to federal court. In light of this ruling, we need not reach the various other matters raised on appeal. The judgment is

REVERSED.