**HUGHES CONSTRUCTION CO., INC., a Mississippi Corporation on behalf of itself and all others similarly situated and circumstanced, Plaintiff,**

v.

**RHEEM MFG. CO., Robert B. Gilbert, Donald W. Proulx, W. L. Jackson Mfg. Co., State Industries, Inc., John R. Undahl, Paul G. Talley, Bradford White Corp., Alfred J. Pellegrini, Michale R. Deluca and John Doe and Richard Roe, fictitious names, Defendants.**

No. EC 79–251–S–P.

United States District Court,
N. D. Mississippi, E. D.

Feb. 27, 1980.

Dewitt T. Hicks, Jr., Gholson, Hicks & Nichols, Columbus, Miss., for plaintiff.

Christy D. Jones, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court upon the motion of the named plaintiff, Hughes Construction Company, Inc., to remand this cause, pursuant to 28 U.S.C. § 1447(c). The plaintiff's original complaint was filed in the Chancery Court of Oktibbeha County, Mississippi, on October 25, 1979. That complaint alleges that the defendants have violated certain provisions of the antitrust laws of Mississippi, Miss.Code Ann. §§ 75–21–1, et seq.[1] The plaintiff is a corporation organized and existing under the laws of the State of Mississippi, with its principal place of business in Mississippi, and is seek-

---

1. The complaint specifically limits any cause of action to the state law claims, stating that "[t]his suit does not involve any claim of Federal anti-trust law violation. . . ." This disclaimer is necessary for the reason that the plaintiff claims to represent a class of *indirect* purchasers of water heaters in Mississippi, for whom there is no cause of action under the Sherman or Clayton Acts. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977).

ing to represent a class of all indirect purchasers of water heaters within Mississippi, who purchased a heater manufactured by any one of the defendants from 1963 to 1977. Plaintiff alleges that during this period of time, the total volume of sales by the defendants within Mississippi would amount to $40,000,000.00. The complaint charges that the defendants entered into a combination or conspiracy to fix the price of water heaters at unreasonable and noncompetitive levels, depriving the class of the benefits of free and open competition. To remedy this alleged violation, the plaintiff demands that the defendants be made to disgorge the profits made by reason of this conspiracy, and to pay to each of the class members the sum of $500.00, pursuant to Miss.Code Ann. § 75–21–9. Additionally, plaintiff requests that the defendants be enjoined permanently from violating or continuing to violate the state antitrust statutes.

On November 13, 1979, some of the defendants joined in filing a timely petition for removal to this court. All of these defendants are citizens of states other than Mississippi, and the corporate defend-

ants have their principal places of business in states other than Mississippi. The petition also states that those defendant who did not join in the petition for removal had not yet been served with process.[2] Defendants maintain that this court has jurisdiction over the action sub judice, in that there is diversity of citizenship, and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.[3] Plaintiff filed its motion to remand on November 17, 1979, claiming that this action is not one over which this court has removal jurisdiction. Plaintiff alleges first, that the presence of certain fictitious defendants destroys diversity jurisdiction, and secondly, that because some of the class members on whose behalf the plaintiff sues have claims for less than $10,000.00, the action may not be maintained in federal court. Defendant, however, claims that the presence of these fictitious defendants is insufficient to destroy diversity, so that the action is properly removable on the basis of diversity of citizenship. Defendant also contends that the amount in controversy exceeds $10,000.00, but that even if this amount is lacking as to all class members, the named plaintiff has a "separate and independent" cause of action,

2. Plaintiff has alleged, in a rebuttal memorandum in support of its motion to remand, that the removal of this action was improper in that all of the defendants did not join in the petition for removal. Specifically, plaintiff points out that the defendant Donald W. Proulx failed to join the petition. The record reveals that statutory service of process was made upon the defendant through the Office of the Secretary of State of Mississippi, but that the correspondence sent to the defendant by registered mail was returned unclaimed. While it may be true that the statutory service of process may be deemed completed under state law, it is also true that state law does not control for purposes of removal. Under 28 U.S.C. § 1446(b), the time for seeking removal begins to run only when the defendant actually *receives* a copy of the initial pleading. *See, e. g., Barber v. Willis,* 246 F.Supp. 814 (N.D.Ga.1965). *See also* 14 Wright, Miller & Cooper, Federal Practice & Procedure § 3732 at 723. Since the time for removal has not yet begun to run as to this particular defendant, it is clear that this failure to join in the petition does not defeat removal jurisdiction.

3. Defendants also allege that this court has jurisdiction over the action, since it states a claim arising under the Sherman and Clayton Antitrust Acts, 15 U.S.C. § 1 et seq. If the defendants were to pursue this argument, however, it would be self-defeating, for the removal jurisdiction of a federal district court is derivative. Since jurisdiction to consider federal antitrust claims is vested exclusively in the federal courts, 15 U.S.C. § 15, a state court has no jurisdiction over such claims. It has been held that when an action over which the state court had no jurisdiction is removed to federal court, the action must be dismissed after removal, since the federal court derives its jurisdiction solely from the state court. *State of Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654, 658 (9th Cir. 1972). For removal jurisdiction, however, any federal question must be presented clearly in the plaintiff's complaint, and the federal statute must be an essential element of the plaintiff's claim for relief. *See, e. g., Gully v. First National Bank of Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). This is clearly not the case in the action sub judice, since federal question jurisdiction is inapplicable.

which allows the entire case to be removed. *See* 28 U.S.C. § 1441(c).[4]

■ The plaintiff has named in its original complaint, "John Doe" and "Richard Roe" as defendants, the intent being to substitute these fictitious names with other persons, whose identity will be ascertained through discovery. The caption of the complaint states that these fictitious defendants are residents of the State of Mississippi, and Paragraph VII of the complaint states that

Defendants maintain, on information and belief, officers, directors and/or agents within the State of Mississippi, which officers, directors and/or agents have participated in the unlawful acts involved herein. Said parties or some of them can be found in Oktibbeha County, Mississippi.

This is the only language in the plaintiff's complaint which alleges that any defendant, real or fictitious, is a resident of, or may be found within the State of Mississippi. The defendants contend that the mere fact that plaintiff has alleged these fictitious defendants to be residents of the forum state is insufficient to destroy diversity jurisdiction. This court agrees with that contention.

■ Whether or not the defendant has the right to remove an action on the basis of diversity of citizenship must be determined solely from the allegations in the complaint at the time of removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Holloway v. Pacific Indemnity Co.*, 422 F.Supp. 1036, 1037 (E.D. Mich.1976). Therefore, the court must necessarily disregard the plaintiff's assertion in its memorandum that "there must be" officers, agents, or employees of the defendant corporations within Mississippi. The only allegations which may be properly considered are those in the complaint. These allegations, however, must be sufficient for the court to determine that the "John Doe" defendants are more than nominal or disinterested parties. In other words, as the Supreme Court noted in *Pullman*, "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith." 305 U.S. at 541, 59 S.Ct. at 350. If such proof were not allowed, then litigants would be able "to destroy the federal court's removal jurisdiction by merely naming a sham co-defendant alleged to reside in the forum state." *Holloway v. Pacific Indemnity Co.*, 422 F.Supp. at 1038. Where no cause of action is stated against the fictitious resident defendant, his joinder may be disregarded for purposes of removal. In *Asher v. Pacific Power & Light Co.*, 249 F.Supp. 671 (N.D.Cal.1965), the plaintiff's complaint contained general allegations which applied to all "defendants". The court in that case concluded that

If an examination of the allegations in the complaint reveals them to be so general that they give no clue as to whom they could pertain, then the parties sought to be joined under those allegations should be disregarded for the purposes of determining diversity jurisdiction.

249 F.Supp. at 676. Similarly, in *Herrera v. Exxon Corp.*, 430 F.Supp. 1215 (N.D.Calif. 1977), the court found that the pleadings contained no specific description of the individual fictitious defendants, and no specific allegation as to their involvement in the alleged activity. Where the "John Doe" defendants were "unidentified, indefinite, and ineffectual," the case was properly removable. 430 F.Supp. at 1220, *quoting Scurlock v. American President Lines*, 162 F.Supp. 78, 81 (N.D.Calif.1958). The court in *Herrera* held that

4. It would appear from the allegations contained in the defendants' memorandum, that the defendants removed the action to this court for the purpose of obtaining a transfer by the Judicial Panel on Multidistrict Litigation. Several related actions, stating claims under the federal antitrust laws, have been consolidated in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1407. *In re Water Heater Antitrust Litigation*, No. MDL-379. The defendants have requested a conditional transfer of the action sub judice, but counsel for one of the defendants has been advised that no action will be taken by the Judicial Panel on Multidistrict Litigation until this court has acted upon the motion to remand.

A plaintiff who wishes to sue unnamed defendants must articulate with greater particularity than notice pleading might otherwise demand the claimed involvement, capacity, and perhaps . physical characteristics of the Doe defendants, or risk removal to federal court.

430 F.Supp. at 1220.

The defendants have alleged, by way of affidavits, that the corporations have no officers, agents, or employees residing in Mississippi. Because the plaintiff's complaint makes no other allegations which would identify the fictitious defendants or describe their involvement in the activity complained of, the court is of the opinion that the defendant has met any burden it might have of proving that the John Doe defendants are not joined in good faith. Therefore, removal jurisdiction under 28 U.S.C. § 1441(b), is not defeated by the joinder of unidentified John Doe defendants.

An even greater difficulty exists, however, in determining whether or not the requisite jurisdictional amount has been met. Plaintiff contends that since some of the potential class members have claims for less than $10,000.00, the action is not removable on grounds of diversity, under the standard of *Zahn v. International Paper Company*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In *Zahn*, the named plaintiffs brought a diversity action, seeking to recover damages from defendant for its pollution of a lake, beside which the plaintiffs owned property. The plaintiffs also sought to maintain the action as a class action pursuant to Rule 23(b)(3), Fed.R. Civ.P. The court held that it has long been the rule in federal practice that "multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional-amount requirement . . . ." 414 U.S. at 294, 94 S.Ct. at 508, 38 L.Ed.2d at 515. In other words, these claims may not be aggregated, simply because multiple plaintiffs are asserting their claims in a single suit. The court went on to follow its previous ruling in *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), holding that the same rule must be applied to all class members in a potential class action under Rule 23:

> None of the plaintiffs in *Snyder v. Harris* alleged a claim exceeding $10,000, but there is no doubt that the rationale of that case controls this one. As previously indicated, *Snyder* invoked the well-established rule that each of several plaintiffs asserting separate and distinct claims must satisfy the jurisdictional-amount requirement if his claim was to survive a motion to dismiss. This rule plainly mandates not only that there may be no aggregation and that the entire case must be dismissed where none of the plaintiffs claims more than $10,000 but also requires that any plaintiff without the jurisdictional amount must be dismissed from the case, even though others allege jurisdictionally sufficient claims.

*Zahn v. International Paper Company*, 414 U.S. at 300, 94 S.Ct. at 511, 38 L.Ed.2d at 518–19. The Supreme Court recognized, therefore, that the jurisdictional-amount rules governing separate and distinct claims applied with the same force to class actions, since the class action is a procedural device only, allowing the joinder of individual claims that meet the requirements of Rule 23. This rule does not expand federal jurisdiction and this court may hear only the claims of those plaintiffs whose individual cases meet the jurisdictional amount requirement. *See, e. g., Alvarez v. Pan American Life Insurance Co.*, 375 F.2d 992 (5th Cir.), *cert. denied*, 389 U.S. 827, 88 S.Ct. 74, 19 L.Ed.2d 82 (1967). Plaintiff argues that since the complaint specifically states that "some" class members have claims for less than $10,000.00, the entire case is not removable. This is not the holding of *Zahn*, which indicates that the entire action need not be dismissed where some claims fail. The court still retains jurisdiction over those claims that meet the jurisdictional standards.

In removal cases such as this, however, an additional problem is presented when the court cannot ascertain the amount in controversy as to each member of the class. In

*Lindsey v. Alabama Telephone Co.*, 576 F.2d 593 (5th Cir. 1978), the plaintiff brought an action in state court, on behalf of a class of patrons of the defendant telephone companies, alleging that the defendants had wrongfully extracted telephone deposits from the class members. The Fifth Circuit construed the plaintiff's complaint to claim $2,000.00 compensatory damages for the absent class members, and $1,000,000.00 in punitive damages. However, since the complaint did not allege the number of persons in the class, it was impossible to determine whether the jurisdictional requirement had been met. On that basis, the court held that the action was not properly removable. 576 F.2d at 595.

The complaint in the action sub judice, similar to that in *Lindsey*, makes it impossible for the court to determine the amount in controversy as to each class member. Paragraph XXIV of the complaint states that "the plaintiff, and the class that it represents, have suffered damages in an amount not presently known, but being of a substantial amount." Additionally, plaintiff alleges that the class "is believed to constitute at least 100,000 members," but there is no definite number. If the plaintiff's complaint was silent as to the type of relief which it seeks, this court would be constrained to remand this action for lack of subject matter jurisdiction, pursuant to the principles of *Zahn* and *Lindsey*. The nature of the relief request, however, puts this entire action in a different posture.

■ As previously stated, the general rule with respect to separate and distinct claims, even those involved in a class action, is that the amounts in controversy may not be aggregated to support diversity jurisdiction. However, as the Supreme Court noted in *Snyder v. Harris*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969), this rule is not applicable with respect to those claims which are joint and common. The court noted in *Snyder*, that

> Aggregation has been permitted only (1) in cases in which a single plaintiff seeks to aggregate two or more of his claims against a single defendant and (2) in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.

394 U.S. at 335, 89 S.Ct. at 1056, 22 L.Ed.2d at 323. This principle relates to that type of action known as the "true" class action, prior to the revisions of Rule 23, in which the plaintiff and other members of the alleged class combined to enforce their interests in a common fund. Where the rights asserted and the type of relief requested are common to the class, then the claims may properly be aggregated. *See, e. g., New Jersey Welfare Rights Organization v. Cahill*, 483 F.2d 723 (3rd Cir. 1973); *Berman v. Narragansett Rainey Ass'n, Inc.*, 414 F.2d 311 (1st Cir. 1969), *cert. denied*, 396 U.S. 1037, 90 S.Ct. 682, 24 L.Ed.2d 681 (1970).

■ Once again the court must look to the nature of the plaintiff's claim, to determine whether or not aggregation is proper. The complaint states in Paragraph XII that the action is brought pursuant to Miss.Code Ann. § 11–53–37 which provides that

> Where a party hereafter institutes a suit for the benefit of himself and all others similarly situated, and thereby there is in such suit recovered or preserved property or a fund for the common benefit, the chancery court may make an allowance to such party for the reasonable costs incurred, . . . out of the property recovered or preserved for the common benefit.

It should be noted that this section is of a procedural nature, creating only a method for the allowance of costs in certain actions in state court. It does not create an independent cause of action. The plaintiff seems to rely upon it, however, in alleging that the damages to be recovered will be in the form of this common fund for all class members. In its prayer for relief, the plaintiff requests the court to direct the defendants to "pay over their profits made by reason of the unlawful conspiracy involved herein to this court, and this court will then direct a distribution of *such* common fund to the class members as their interests appear." (Emphasis added). The

court is of the opinion that where, as in this case, the defendants' liability may be based upon the amount of profits above the competitive margin, the interests of the class members are so integrated that their claims should be aggregated.[5] Because the plaintiff's claim, and the claims of all potential class members, are more properly viewed as common and joint, rather than separate and distinct, the court views the removal as proper, and this action is one over which the court has jurisdiction under 28 U.S.C. § 1441(b).

One final point which should be addressed is the defendants' contention that this court has jurisdiction because the claim of the named plaintiff is a "separate and independent" cause of action, which is removable if sued upon alone. Defendant claims that this court therefore has jurisdiction over the entire case, pursuant to 28 U.S.C. § 1441(c). The court has been unable to find any controlling cases which interpret the applicability of this particular subsection in the context of actions such as the one sub judice. In a similar case, *Schwartz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 424 F.Supp. 672 (N.D.Calif.1976), the court refused to apply § 1441(c), and remanded a state class action where some class members did not meet the jurisdictional requirements. The court held in that case that to retain jurisdiction "would be tantamount to defendant accomplishing through the back door what it could not accomplish through the front door under *Zahn*. . . ." 424 F.Supp. at 673. The logic of that holding is appealing, and the court notes the apparent conflict between the language of § 1441(c), and the "common benefit" rationale in class actions, discussed previously. Suffice it to say that both the Fifth and Sixth Circuits have held that where each plaintiff could have sued upon his claim alone, removal is proper under § 1441(c). *See Stokes v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 523 F.2d 433 (6th Cir. 1975); *Northside Iron and Metal*

*Company, Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Cir. 1973). *See also, Lowenschuss v. Gulf & Western Industries, Inc.*, 419 F.Supp. 342 (E.D.Pa.1976).

The court will enter an order denying plaintiff's motion to remand.

---

**5.** The court's opinion should not be construed as determining the validity or invalidity of this requested remedy under the state antitrust statutes. The nature of the claim and the type of relief requested is important at this point only in determining whether the court has jurisdiction.