Lynn Ruth BASSETT, on behalf of herself and all others similarly situated, Plaintiffs,

v.

TOYOTA MOTOR CREDIT CORPORATION, a California Corporation, World Omni Financial Corporation, a Florida Corporation, and American Security Insurance Company, a Delaware Corporation, Defendants.

Civ. A. No. 92–0694–P–S.

United States District Court, S.D. Alabama, S.D.

Jan. 6, 1993.

Edward P. Turner, Jr., Tatum Turner, Halron W. Turner, Chatom, AL, Mark Ezell, John W. Sharbrough, III, Mobile, AL, for plaintiff.

Orrin K. Ames, William C. Tidwell, III, P. Russell Myles, Mobile, AL, for defendant Toyota Motor Credit Corp.

Richard T. Dorman, David R. Peeler, Mobile, AL, for defendant World Omni.

E.B. Peebles, Ray Morgan Thompson, James E. Robertson, Jr., Mobile, AL, for defendant American Security.

## ORDER

PITTMAN, Senior District Judge.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.

It is ORDERED that Plaintiff's motion to remand be GRANTED and that this case be REMANDED to the Circuit Court of Washington County, Alabama for disposition.

## RECOMMENDATION OF MAGISTRATE JUDGE

STEELE, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Docs. 5 and 6) and Joint Brief of Defendants in Opposition to the Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. 14). These matters have been referred to the undersigned Magistrate Judge for a recommendation pursuant to Title 28 U.S.C. § 636 and Local Rule 26. Upon consideration, the following recommendation is entered.

*Procedural History*

This case was initiated on July 16, 1992, when the Plaintiff filed a class action complaint against Defendants, Toyota Motor Credit Corporation and World Omni Financial Corporation, in the Circuit Court of Washington County, Alabama. Plaintiff filed an amended complaint adding American Security Insurance Company as a party defendant on July 24, 1992. On August 17, 1992, this case was removed to the Southern District of Alabama after Defendants filed notice of removal pursuant to 28 U.S.C. § 1441. On August 28, 1992, Plaintiff filed the present motion to remand. There is no contention that either the notice of removal or the motion to remand are untimely.

In Plaintiff's complaint, Plaintiff alleges that Defendants have systematically force-placed insurance coverage on the class mem-

bers in an amount equal to the total of remaining payments in violation of the contract between the parties and that the Defendants have force-placed insurance for coverages not authorized by the retail installment contract. The complaint asserts claims for breach of contract, breach of fiduciary duty, fraud by suppression (failure to disclose the true outstanding loan balance), fraud by suppression (failure to disclose additional insurance coverages), and civil conspiracy. Plaintiff claims actual damages of $500.00 or less and punitive damages of $40,000.00 for herself and for each class member.

Plaintiff asserts that her motion to remand is due to be granted because the amount in controversy does not exceed the jurisdictional limit of $50,000.00.[1] Alternatively, Plaintiff argues that this Court lacks jurisdiction because the parties are not diverse. Specifically, Plaintiff contends that Defendant, World Omni Financial Corporation, has its base of operations in Mobile, Alabama, and therefore is not a diverse party within the meaning of 28 U.S.C. § 1332.

Contrary to the assertions of Plaintiff, Defendants contend that the true amount in controversy exceeds the jurisdictional limit required by law. In support of this contention, Defendants offer the affidavits of Mobile attorneys Mack Binion and Danner Frazer which state that it is their professional opinions that the allegations of Plaintiff's complaint, if proved as alleged, could reasonably result in a jury award in favor of the Plaintiff and each member of the purported class in excess of $50,000.00 in both compensatory and punitive damages. Additionally, Defendants argue that for purposes of computing the amount in controversy, all claims for punitive damages by the individual class members should be aggregated and that the aggregated amount will exceed the $50,000.00 jurisdictional limit. Finally, Defendants dispute Plaintiff's assertion that World Omni Financial Corporation has its principal place of business in Mobile, Alabama. Defendants proffer that World Omni has its principal

place of business in Florida and is therefore a diverse party within the meaning of 28 U.S.C. § 1332.

*Discussion*

■ There appears to be little question that when the jurisdiction of this Court is challenged after removal, the party seeking to invoke the jurisdiction of this Court has the burden of proving its existence by showing that it does not appear to a legal certainty that its claim is for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Thus, in removed cases, the burden is on the defendant. *Lindsey v. Alabama Telephone Co.*, 576 F.2d 593 (5th Cir.1978). Generally, determination of the value of the matter in controversy for purposes of federal jurisdiction is determined by application of federal standards. *See, e.g., Horton v. Liberty Mutual Insurance Co.*, 367 U.S. 348, 352, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961). However, in a diversity case, this Court is required to look to state law to determine the nature and extent of the damages to be awarded. *Id.*, 367 U.S. at 352–53, 81 S.Ct. at 1573. This requirement directs the application of the forum state's rules regarding the measure of damages and the availability of punitive damages: It is undisputed that the law of the State of Alabama allows for an award of punitive damages where the plaintiff proves at least nominal injury. *First Bank of Boaz v. Fielder*, 590 So.2d 893, 898–900 (Ala.1991); *see also, Ala. Code* § 6–11–23(b) (1975).

In the case *sub judice*, the parties agree that the threshold issue before this Court in deciding whether it has jurisdiction to retain and hear this case, is whether aggregation of punitive damage claims among class members is appropriate to reach the jurisdictional amount in controversy. If aggregation is appropriate, the parties concede that this Court has jurisdiction. If aggregation is inappropriate, however, the parties disagree as to whether this Court has jurisdiction.

---

1. Plaintiff argues that a class action for damages cannot be brought within the diversity citizenship jurisdiction of this court unless the named Plaintiff and each member of the class meets the $50,000.00 amount in controversy requirement. As of the date of this recommendation, Plaintiff has not identified any other member of the purported class. However, for reasons stated *infra*, the issue as to whether this case is properly a class action is not relevant to a ruling on Plaintiff's motion to remand.

Plaintiff contends that this Court's viewpoint is restricted to that of the Plaintiff's and that the Plaintiff, as master of her complaint, has prayed for relief in an amount below the jurisdictional limit of this Court and is therefore entitled to have this matter resolved by the state court. Defendants contend, however, that the Court should analyze the value of this case using the Defendants' viewpoint which would be the potential economic loss to these Defendants. Defendants contend that they have established that the value of this case exceeds the jurisdictional limit thus bringing this matter properly before this Court. The third jurisdictional issue to be resolved is whether the parties are truly diverse. These issues are discussed separately below.

*Aggregation of Damage Claims*

■ There appears to be little question that where actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount. *Bell v. Preferred Life Assur. Soc. of Montgomery, Alabama,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). In *St. Paul Mercury Indemnity Co. v. Red Cab Co., supra,* the Supreme Court declared as follows:

> The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for lack of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith.... But if, from the face of the pleadings, it is apparent, to a legal certainty, that the Plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the Plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

303 U.S. at 288–89, 58 S.Ct. at 590 (citations omitted). Thus, a complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy. *Schlesinger v. Councilman,* 420 U.S. 738, 744, 95 S.Ct. 1300, 1306, 43 L.Ed.2d 591 (1975). *See generally* 14A Wright, Miller and Cooper, *Federal Practice and Procedure* § 3702 (1988).

■ The law in this Circuit as to aggregation of the claims of class members to achieve the jurisdictional limit, is set forth in *Lindsey v. Alabama Telephone Co.,* 576 F.2d 593 (5th Cir.1978).[2] In that case, the Plaintiff filed suit against various telephone companies in state court seeking $2,000.00 compensatory damages for himself and $1,000,-000.00 exemplary damages and unspecified compensatory damages on behalf of the entire plaintiff class. On motion of the defendants, the case was removed to federal district court as a federal diversity action and ultimately dismissed by that court on defendant's motion to dismiss for failure to state a claim upon which relief could be granted. In holding that the federal district court was without subject matter jurisdiction over plaintiff's claims, the Fifth Circuit Court of Appeals set forth the following precedent as to class action suits where jurisdiction is at issue:

> One of the jurisdictional requirements in any civil action in which the district court's original jurisdiction is invoked under the diversity statute is that "the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and costs." 28 U.S.C. § 1332. Of course, the claims of several plaintiffs, suing as members of a class, cannot be aggregated for the purpose of satisfying this jurisdictional predicate. *See Snyder v. Harris,* 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). Moreover, as the Supreme Court held in *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973):
>
> > 'The rule plainly mandates not only that there may be no aggregation [of claims] and that the entire case must be dismissed where none of the plaintiffs claim more than $10,000.00 but also requires

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals issued prior to October 1, 1981.

that any plaintiff without the jurisdictional amount must be dismissed from the case, even though others allege jurisdictionally sufficient claims. 414 U.S. at 300, 94 S.Ct. at 511.'

576 F.2d at 594.

Following the mandate of the U.S. Supreme Court in *Snyder* and *Zahn*, the Fifth Circuit reviewed Lindsey's prayer for relief contained in his complaint and concluded that the demand for judgment, totalling $1,002,-000.00, represented the total claim for the benefit of the plaintiff and the class to cover his compensatory damages, as well as his and the class' exemplary damages. The Court further found that only the amount of compensatory damages claimed on behalf of the class remained unspecified. *Id.* at 595. Additionally, the court observed that the complaint failed to allege the number of persons in the class so as to permit the court to ascertain what dollar amount represented the amount in controversy for each member of the class. Applying the reasoning of the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co., supra,* the court found that the status of the case as disclosed by the plaintiff's complaint was controlling in the case of a removal, and it was improper for the defendants to attempt to show that the class was small enough that the claims on its behalf exceeded the jurisdictional limit per capita. Nor was it proper, declared the Fifth Circuit, for "the district court to speculate that such was in fact the case." *Id.*

■ In the case *sub judice,* to find for the Defendants on the issue of aggregation, this Court would necessarily have to ignore the holding in *Lindsey.* Surprisingly, that is exactly what the Defendants have asked this Court to do. In addition to encouraging this Court to disregard *Lindsey,* the Defendants propose that the punitive damage claims of the class members be attributed to the class as a whole and treated as a "common fund." In support of this argument, Defendants rely in part on *In re Northern District of California "Dalkon Shield" IUD Products Liability Litigation,* 526 F.Supp. 887, 911 (N.D.Cal. 1981). However, even if the "common fund"

theory was supported by *Dalkon Shield,* that theory has been subsequently indirectly overruled by the Ninth Circuit Court of Appeals in *Goldberg v. CPC International, Inc.,* 678 F.2d 1365 (9th Cir.1982). In *Goldberg,* the plaintiff filed a class action suit in California state court for violations of California statutory and common law. The defendants removed the action to federal court on the theory that despite the small individual claims of the class members, plaintiffs' potential attorneys fees, as authorized by statute, would exceed the jurisdictional amount. The Ninth Circuit held that to treat plaintiff's potential award of attorneys fees as a common fund for the entire class as a whole would conflict with the policies behind the Supreme Court's decision in *Zahn. Goldberg,* 678 F.2d at 1367. In finding that the amount in controversy requirement must be satisfied by each member of the class, the Ninth Circuit held that plaintiffs whose individual claims fall short of the jurisdictional limit cannot satisfy that limit by aggregation of claims. The Ninth Circuit found that the Defendants' quest to aggregate claims would seriously undermine the rule expressed by the Supreme Court in *Zahn. Id.*[3]

■ As a corollary to their argument that aggregation of damages is appropriate in this case, the Defendants urge this Court to adopt a "Defendants' viewpoint" analysis of the complaint and to evaluate the damages on the basis of a potential economic impact to the Defendants. The issue of whether this Court is required to undertake an analysis of the matter in controversy from the Plaintiff's viewpoint or the Defendants' viewpoint is not entirely clear in this Circuit. Plaintiff has, in her brief, cited a litany of cases from other districts and circuits which support the propriety of a Plaintiff's viewpoint analysis. Defendant contends however that these cases can be distinguished and urges this Court to adopt a Defendants' viewpoint analysis. In order to properly resolve the viewpoint issue, the undersigned finds it appropriate to address the nature of the claims of the prospective class members.

---

3. There is no question that the Ninth Circuit was evaluating the propriety of aggregating attorneys fees claims, whereas this Court is asked to evaluate the propriety of aggregating punitive damage claims; however, the undersigned finds this to be a distinction without a difference.

Defendant contends that the class members possess a common and undivided interest in the damages sought. Contrariwise, the Plaintiff asserts that the class members raise separate and distinct claims. If the interests of the class members are found to be common and undivided, Defendant argues that the Plaintiff's claims may be aggregated in order to satisfy the jurisdictional amount requirement. However, the Defendant's understanding of the test for common and divided interest appears to be misdirected. An interest is "common and undivided" where only the class as a whole is entitled to the relief requested. *See Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir.1990). Where class members are attempting to obtain individual payments from the defendants, or are attempting to gain relief to which any single one of them would be entitled, the rights of the class are "separate." *See National Organization for Women v. Mutual of Omaha Insurance Co.*, 612 F.Supp. 100 (D.D.C.1985).

In the opinion of the undersigned, where relief is sought for the breach of separately negotiated contracts, it is difficult, if not impossible, to imagine how the interests to be adjudicated could be characterized as a common interest belonging to the group as a whole rather than to the individual plaintiffs. In the case *sub judice*, each class member has a separate insurance contract and could in theory bring an individual action for the Defendant's alleged improper conduct with regard to those contracts. Thus, this class cannot be said to possess a "common and undivided interest" and are in fact stating separate and distinct claims, the value of which must be analyzed in order to determine whether the jurisdictional amount has been met or exceeded.

Having determined that the claims of the individual class members in this lawsuit are separate and distinct, the dictates of *Snyder v. Harris*, and *Zahn v. International Paper Co.*, clearly direct that separate and distinct claims of class members cannot be aggregated in order to satisfy the amount in controversy, *Snyder*, 394 U.S. at 336, 89 S.Ct. at 1056, and require that each plaintiff's claim in a class action must satisfy the jurisdictional amount. *Zahn*, 414 U.S. at 301, 94 S.Ct. at 511. Thus, in the opinion of the under-

signed, *Snyder* and *Zahn* direct that where class members raise separate and distinct claims, the "defendant's viewpoint" rule is not appropriate. While this viewpoint doctrine may at times be appropriate in analyzing the jurisdictional amount requirement, *Snyder* and *Zahn* preclude its usage in diversity-based class actions where there are separate and distinct claims. *See Barton Chemical Corp. v. Avis Rent-a-Car System, Inc.*, 402 F.Supp. 1195, 1197 (N.D.Ill.1975).

Moreover, since the case of *Lindsey v. Alabama Telephone Co.* is controlling authority in this Circuit, a reading of that case reveals that the court chose to conduct a plaintiff's viewpoint analysis in determining that the case was not properly removed to the federal district court by the defendant. In conducting this analysis, the Court of Appeals stated as follows:

> We must therefore consider whether, when the petition for removal was filed in the district court, the complaint adequately alleged the existence of the jurisdictional amount.

> Obviously, in pleading his suit in the state court, the plaintiff was not seeking to satisfy any jurisdictional amount requirements. The complaint, therefore, may not be expected to read as if plaintiff had filed his original suit as a federal diversity action. Nevertheless, the amounts in controversy are adverted to in plaintiff's amended complaint.

576 F.2d at 594. The Court of Appeals proceeded to analyze the various counts of plaintiff's complaint and concluded its analysis by stating as follows:

> Since the "status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal," *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938), it was not open for defendants to attempt to show that the class was small enough that the claims on its behalf exceeded the sum of $10,000.00 per capita. Nor was it open to the district court to speculate that such was in fact the case.

> We hold that the district court was without subject matter jurisdiction over plaintiff's

claims, and that the case therefore was not removable to federal court.

*Id.* at 595.

Thus, as directed above, it is the opinion of the undersigned that the claims of the prospective class members are separate and distinct and cannot be aggregated to reach the jurisdictional limit requirement for this Court. The mandate of *Zahn* is clear: aggregation of individual class members' claims in a class action is improper in determining whether or not the jurisdictional limit has been met under 28 U.S.C. § 1332. This same opinion has been shared by courts in other districts which have been confronted with similar claims. *See Ortiz v. General Motors Acceptance Corp., Inc.,* 583 F.Supp. 526 (N.D.Ill.1984); *Goldin v. American Airlines, Inc.,* 1990 WL 77630 (N.D.Ill.1990); *Hayes v. Fireman's Fund Mortgage Corporation,* 1991 WL 255529 (N.D.Ill.1991); *Poindexter v. National Mortgage Corporation,* 1991 WL 278454 (N.D.Ill.1991); *Dulin v. Trans Union Credit Information Co.,* 935 F.2d 269 (unpublished) (6th Cir.1991).

Upon consideration, the undersigned finds that there is no good reason to ignore the holding in or distinguish the facts of *Lindsey.* Moreover, the undersigned finds that there is no persuasive authority to support the aggregation of individual class members' claims in this class action, whether for compensatory damages, punitive damages or other relief, in order to realize the jurisdictional amount required under 28 U.S.C. § 1332. To do so would be contrary to the ruling in *Lindsey* and *Zahn.*

■ Next, Defendants contend that even if this Court refuses to aggregate punitive damage claims in order to find jurisdiction, the true amount in controversy of each class member's claim exceeds the jurisdictional limit. Defendants concede that the actual damage claims for each class member is $500.00 or less. However, Defendants contend that even though Plaintiffs have alleged punitive damage claims in the amount of $40,000.00, these claims are unrealistic and the real exposure to the Defendants is far

greater than the $50,000.00 jurisdictional limit. In support of this contention, Defendants have offered the affidavits of attorneys Mack Binion and Danner Frazer which state that based on their experience, they believe that it is possible for a jury to award punitive damages in excess of $50,000.00.

However, as provided above, because a plaintiff's viewpoint analysis is proper in this Circuit, the limit established by the Plaintiff in Plaintiff's complaint controls. The complaint, as set forth above, demands a judgment for actual damages in the amount of less than $500.00 and punitive damages in the amount of $40,000.00.[4] Notwithstanding the utilization of a plaintiff's viewpoint analysis, the Defendants may still prevail on their motion in opposition to Plaintiff's motion to remand if Defendants can demonstrate that the sum claimed by Plaintiff was not made in good faith. *St. Paul Mercury, supra,* 303 U.S. at 288, 58 S.Ct. at 590. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* Even though the Defendants have offered the affidavits of two respected attorneys who render opinions that the value of this case may be greater than the jurisdictional limit, the Defendants have not attempted to demonstrate bad faith on the part of the Plaintiff. Plaintiff contends that her case is worth less than $50,000.00. Defendants contend that the value of the case may be more than $50,000.00. However, Defendants have failed to demonstrate bad faith on the part of the Plaintiff and have failed to show to a legal certainty that the Plaintiff's claim is really for more than the jurisdictional amount. Thus, in the opinion of the undersigned, the limit established in Plaintiff's complaint controls and this Court finds the amount in controversy to be less than $50,000.00.

*Principal Place of Business*

■ In Plaintiff's motion to remand, Plaintiff asserts that Defendant World Omni Financial Corporation has its principal place of business in Mobile, Alabama, and thus is

---

4. At the hearing conducted on October 27, 1992, Plaintiff's counsel offered to establish a cap on punitive damages at $40,000.00. Because of the thrust of this recommendation, the undersigned states no opinion as to whether such offer is or should be binding on the parties as it relates to the issue of jurisdiction in this Court.

not a diverse party for purposes of diversity jurisdiction in this Court. Defendant World Omni, however, contends that Deerfield Beach, Florida, is the principal place of business of World Omni and that Mobile is merely a service center. Defendants urge that this Court apply the "total activity" test as the standard by which to determine World Omni's principal place of business. *See Vareka Investments, N.V. v. American Investment Properties, Inc.*, 724 F.2d 907 (11th Cir.1984); *Tom's v. Country Quality Meats, Inc.*, 610 F.2d 313 (5th Cir.1980). Submitted along with Defendants' motion in opposition to Plaintiff's motion to remand, is the affidavit of World Omni's executive vice-president, Michael Nixon, wherein he states that World Omni engages in a variety of activities that principally occur outside Alabama with the principal place of activity of the company being Deerfield Beach, Florida.

At the hearing on these motions, Plaintiff conceded to the Court that Plaintiff had no evidence to rebut Defendants' assertions regarding World Omni's principal place of business. Therefore, given the strength of the evidence before this Court and after application of the total activity test as required in this Circuit, the undersigned finds that the principal place of business for World Omni is Deerfield Beach, Florida. World Omni is therefore a diverse party for the purpose of diversity jurisdiction in this Court.

### CONCLUSION

For the reasons set forth above, it is the opinion of the undersigned Magistrate Judge that this Court lacks subject matter jurisdiction over the claims asserted by Plaintiff. Therefore, it is the recommendation of the undersigned that Plaintiff's motion to remand be GRANTED and that this case be returned to the Circuit Court of Washington County, Alabama, for disposition.

The attached sheet contains important information regarding objections to this recommendation.

DONE this 7th day of December, 1992.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. *Objection.* Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in Local Rule 26(4)(b), which provides that:

Any party may object to a magistrate judge's proposed findings, recommendations or report made under 28 U.S.C. § 636(b)(1)(B) within ten (10) days after being served with a copy thereof. The appellant shall file with the Clerk, and *serve on the magistrate judge* and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his discretion or where required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A Magistrate Judge's recommendation cannot be appealed to a Court of Appeals;

**1470**

only the District Judge's order or judgment can be appealed.

2. *Transcript (Applicable Where Proceedings Tape Recorded).* Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.