IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————————————

No. 99-40430

————————————————————

H & D TIRE AND AUTOMOTIVE-
HARDWARE, INC., ET AL.,          Plaintiffs,

H & D TIRE AND AUTOMOTIVE-
HARDWARE, INC.; BEARD PLUMBING
CO.; JONES & JONES, INC.,        Plaintiffs - Appellants

                    versus

PITNEY BOWES INC., ET AL.,       Defendants,

PITNEY BOWES INC.; PITNEY
BOWES CREDIT CORP.,              Defendants - Appellees.

_____

Appeal from the United States District Court for the
Eastern District of Texas
_____

September 27, 2000

Before POLITZ, GIBSON,[*] and HIGGINBOTHAM, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

H & D Tire and Automotive-Hardware, Inc., Beard Plumbing Co., and Jones & Jones, Inc. appeal the district court's grant of summary judgment to Pitney Bowes Inc. and Pitney Bowes Credit Corp. (collectively, Pitney Bowes). We conclude that the court did not have jurisdiction over this case because the amount in controversy requirement was not satisfied. We therefore vacate the district

_____

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

-1-

court's judgment and instruct it to remand this case to the state court in which it was initially filed.

Pitney Bowes Inc. markets a variety of mailing equipment and other office equipment and sells it to Pitney Bowes Credit Corp., which then leases the equipment to customers. The plaintiffs entered into leases with Pitney Bowes. Representatives of Pitney Bowes contacted the plaintiffs before their original leases expired and offered them the opportunity to upgrade their mailing equipment. The plaintiffs then entered into the replacement leases that are the subject of this suit.

H & D Tire and Beard Plumbing brought an action in Texas state court, seeking to represent a class of Pitney Bowes customers.[1] They alleged that Pitney Bowes overcharged customers who entered into replacement leases by impermissibly including a trade-up component in the calculation of lease payments. They claimed that individual actual damages would not exceed $30,000 and sought an unspecified amount of punitive damages and attorneys' fees.

Pitney Bowes invoked federal diversity jurisdiction and removed the case to the Eastern District of Texas. It argued that the jurisdictional amount was satisfied in any of three ways: (1) by adding each plaintiff's requested actual damages to its punitive damages; (2) by aggregating the punitive damages claims of the

---

[1]After the case was removed to federal court, H & D Tire and Beard Plumbing's First Amended Complaint added Jones & Jones as a plaintiff.

-2-

class and attributing the amount to each plaintiff; or (3) by adding the claim for attorneys' fees to the named plaintiffs' claims.

H & D Tire and Beard Plumbing moved to remand the case to state court, arguing that Pitney Bowes had not established the required amount in controversy.[2] The district court referred the motion to a magistrate judge, who found that punitive damages could be aggregated and recommended denial of the motion. The court followed the recommendation and denied the motion to remand. The district court later denied class certification and granted Pitney Bowes's motion for summary judgment. On appeal, the plaintiffs challenge only the grant of summary judgment. They do not appeal the denial of class certification or the denial of their motion to remand to state court.

We have a duty to raise the issue of subject matter jurisdiction sua sponte. See Christoff v. Bergeron Indus., Inc., 748 F.2d 297, 298 (5th Cir. 1984). We must determine whether the district court would have had original jurisdiction had the case been filed there. See 28 U.S.C. § 1441(a) (1994).

Even if a court lacks jurisdiction at the time of removal and regardless of whether there was an objection to the removal, the

---

[2]When a case is removed and the complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy requirement is met. See De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).

judgment will stand if the court had jurisdiction at the time it entered judgment.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 64, 73 (1996); Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 700 (1972).  If, however, the court lacked jurisdiction both at the time of removal and judgment, the judgment cannot stand.  "Despite a federal trial court's threshold denial of a motion to remand, if, at the end of the day and case, a jurisdictional defect remains uncured, the judgment must be vacated."  Caterpillar, 519 U.S. at 76-77 (emphasis in original).

Diversity jurisdiction exists if the amount in controversy requirement is satisfied and there is diversity of citizenship between the plaintiffs and defendants.  See 28 U.S.C. § 1332(a) (1994).  Diversity of citizenship is not at issue here; our only concern is whether the amount in controversy is sufficient.[3]  At the relevant time, the amount in controversy had to exceed $50,000.  See id.

**I.**

We first consider whether the plaintiffs' individual actual damages plus individual punitive damages exceed $50,000.  In their state court petition, H & D Tire and Beard Plumbing alleged that their individual claims for actual damages would not exceed

---

[3]The district court's denial of class certification is not relevant to our analysis.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292-93 (1938) (if district court had jurisdiction at time of removal, subsequent event that decreases amount in controversy does not defeat jurisdiction).

$30,000. They also sought an unspecified amount of punitive damages. Because it is not facially apparent from the complaint that the jurisdictional amount is satisfied, we will look elsewhere in the record to determine the amount in controversy. Cf. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

According to documents filed with the plaintiffs' response to Pitney Bowes's motion for summary judgment,[4] H & D Tire, Beard Plumbing, and Jones & Jones have actual damages claims of no more than $72, $254, and $990, respectively. These amounts are substantially less than the ceiling of $30,000 set forth in the state court petition. There is no evidence that any member of the putative class would have had a claim for significantly greater actual damages. In fact, the plaintiffs' reply to Pitney Bowes's brief opposing class certification indicates that a typical class member's claim would be less than $200. There is no evidence of conduct by Pitney Bowes that would support punitive damages awards equal to roughly 50 to 690 times actual damages, the amount necessary to bring the total damages above the statutory minimum. Accordingly, the amount in controversy requirement is not satisfied by the damages of any individual plaintiff.

---

[4]These documents, which are appended to an affidavit from an attorney for the plaintiffs, include copies of the replacement leases executed by H & D Tire and Jones & Jones and a copy of a Pitney Bowes internal worksheet for Beard Plumbing's lease.

## II.

We next consider whether the punitive damages of the class can be aggregated and attributed to each plaintiff to meet the amount in controversy requirement.[5] Our earlier decisions seem to conflict on this issue.

In Lindsey v. Alabama Telephone Co., 576 F.2d 593 (5th Cir. 1978), we held that the district court did not have subject matter jurisdiction over a removed class action where the plaintiff requested $2000 in compensatory damages and $1 million in exemplary damages on behalf of the class. The complaint did not allege the number of class members, and thus we could not mathematically ascertain the amount in controversy for each member. See id. at 595. Implicit in this reasoning is that a claim for punitive damages must be allocated pro rata among class members to determine whether the jurisdictional requirement is met. Otherwise, the number of members would have been irrelevant, the district court would have had jurisdiction, and removal would have been appropriate.

We later addressed a nearly identical issue in a case brought jointly by 512 plaintiffs for damages related to an explosion. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1329 (5th Cir. 1995).

---

[5]Although the plaintiffs did not request a specific amount of punitive damages in their state court petition, they did allege that the class contained "thousands of persons and entities." For purposes of our analysis, we assume that if punitive damages were awarded to a class this size, they would exceed $50,000.

We held that the full amount of alleged punitive damages must be counted against each plaintiff to determine the amount in controversy because punitive damages, under Mississippi law, are fundamentally collective.  See id. at 1333.  Lindsey's reasoning did not rely on a characterization of punitive damages under Alabama law, but was instead based on the principle that "the claims of several plaintiffs, suing as members of a class, cannot be aggregated for the purpose of satisfying th[e] jurisdictional predicate."  Lindsey, 576 F.2d at 594 (citing Snyder v. Harris, 394 U.S. 332 (1969)).

After Allen was decided, we followed Lindsey and held that punitive damages should not be aggregated and attributed to each plaintiff for purposes of determining the amount in controversy. See Ard v. Transcontinental Gas Pipe Line Corp., 138 F.3d 596, 602 (5th Cir. 1998).[6]  See also Cohen v. Office Depot, Inc., 204 F.3d 1069, 1073-77 (11th Cir. 2000) (holding that Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996), which considered a class claim for punitive damages in the aggregate, was inconsistent with Lindsey; because the court was bound by Lindsey, it divided a $10 million claim for punitive damages among 39,000 class members and held that the amount in controversy requirement was not met), petition for cert. filed, No. 00-246 (U.S. Aug. 14, 2000).

---

[6]When the magistrate judge concluded that punitive damages could be aggregated and recommended denial of the plaintiffs' motion to remand, Ard had not yet been decided.

When panel opinions appear to conflict, we are bound to follow the earlier opinion. See Harvey v. Blake, 913 F.2d 226, 228 n.2 (5th Cir. 1990). Because Lindsey is the earliest, and thus controlling, decision in this circuit, the punitive damages claims of the putative class cannot be aggregated and attributed to each plaintiff to meet the jurisdictional requirement.

## III.

We turn now to whether the plaintiffs' claim for attorneys' fees fulfills the amount in controversy requirement. When a statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees. See Graham v. Henegar, 640 F.2d 732, 736 (5th Cir. Unit A Mar. 1981). If the statute awards attorneys' fees to the named plaintiffs in a class action, the fees are attributed solely to the class representatives. See Free v. Abbott Lab. (In re Abbott Lab.), 51 F.3d 524, 526-27 (5th Cir. 1995), aff'd by an equally divided Court, 120 S. Ct. 1578 (2000). The plaintiffs in Abbott Laboratories brought an antitrust class action under Louisiana law and alleged $20,000 in actual damages. Because a state statute provided that attorneys' fees would be awarded to the "representative parties" in a class action, the attorneys' fees increased the amount in controversy so that the claims of the named plaintiffs satisfied the jurisdictional amount. See id.

Here, the plaintiffs sought attorneys' fees under the

-8-

Connecticut Unfair Trade Practices Act, which provides:

> In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees.

Conn. Gen. Stat. Ann. § 42-110g(d) (West 1992). The use of the word "plaintiff" in this statute does not dictate that any fee award must be attributed solely to the representative party in a class action.[7] The fee award could also be attributed to the plaintiff class as a whole and therefore allocated pro rata among its members for purposes of determining the amount in controversy. Cf. Goldberg v. CPC Int'l, Inc., 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees cannot be aggregated to reach jurisdictional amount).

Because the Connecticut statute does not specifically provide that attorneys' fees are awarded to the class representatives, we decline to attribute the attorneys' fees solely to the named

---

[7]Until 1976, a court could award attorneys' fees to either the plaintiff or the defendant under this statute; an amendment substituted the words "the plaintiff" for "either party" that year. See Conn. Gen. Stat. Ann. § 42-110g (West 1992) (historical and statutory notes); Staehle v. Michael's Garage, Inc., 646 A.2d 888, 890-91 n.8 (Conn. App. Ct. 1994). Presumably, the Connecticut legislature wanted to limit awards of attorneys' fees to the side bringing the action, but that does not indicate that the change was intended to limit the award of attorneys' fees to the named representatives in a class action.

plaintiffs to determine whether the amount in controversy is sufficient. Compare Abbott Lab., 51 F.3d at 526-27, with Cohen v. Office Depot, Inc., 204 F.3d 1069, 1080 & n.11 (11th Cir. 2000) (finding no basis for attributing award of attorneys' fees to class representative where statutes award fees to "prevailing party" or "[a]ny person prevailing"), petition for cert. filed, No. 00-246 (U.S. Aug. 14, 2000), and Darden v. Ford Consumer Fin. Co., 200 F.3d 753, 758 & n.4 (11th Cir. 2000) (declining to aggregate attorneys' fees for jurisdictional purposes where statute entitled "any person who is injured" to attorneys' fees).

* * *

Because the amount in controversy requirement was not fulfilled when Pitney Bowes removed this case or at the time of judgment, the district court did not have jurisdiction. We vacate its judgment and instruct it to remand this case to the state court in which it was initially filed.