UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-60104
SUMMARY CALENDAR

———————————————

AMERICAN SECURITY INSURANCE COMPANY,

Plaintiff - Appellant

v.

ELLIS B. LANG,

Defendant - Appellee.

———————————————————————————————————————————

On Appeal from the United States District Court for the
Northern District of Mississippi, Aberdeen Division
(1:01-CV-273-D-D)

———————————————————————————————————————————

November 7, 2002

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

American Security Insurance Company (American) is appealing the district court's order

granting appellee Ellis B. Lang's motion to dismiss its complaint and denying American's request

to compel arbitration of its dispute with Lang. This court has "a duty to raise the issue of subject

matter jurisdiction sua sponte." H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes Inc.,

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

227 F.3d 326, 328 (5th Cir. 2000), cert. denied, 122 S. Ct. 214 (2001).

The Federal Arbitration Act (FAA) "is not an independent source of jurisdiction. A party may obtain relief in federal court under the FAA only when the underlying civil action would otherwise be subject to the court's federal question or diversity jurisdiction." Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 276 F.3d 683, 685 (5th Cir. 2001).

Diversity jurisdiction exists only where there is complete diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Although Lang has not disputed American's allegation that the amount in controversy exceeds $75,000, Lang's complaint alleging the claim that American seeks to arbitrate does not reflect the amount in controversy nor do any of the other pleadings in the record presented to this court. The case is remanded to the district court for a determination whether the amount in controversy exceeds $75,000. The district court is directed to dismiss the complaint for lack of subject matter jurisdiction if the amount in controversy does not meet the jurisdictional requirement. If the district court determines that it possesses subject matter jurisdiction, it is to take the action as directed below.

American argues that the district court considered matters outside the pleadings in granting the motion to dismiss. It argues that the motion should have been treated as a summary judgment motion, which would have required the district court to provide American with the opportunity to respond to Lang's assertion that he was fraudulently induced to sign an arbitration agreement.

The district court relied on Lang's affidavit rather than American's pleadings in granting the motion to dismiss the complaint. Therefore, the motion should have been converted to a summary judgment motion and American should have been afforded the opportunity to respond

to Lang's assertions in his affidavit. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 283 n.7 (5th Cir. 1993). The district court characterized Lang's assertions as undisputed without allowing American the opportunity to present evidence contradicting his assertions of fraudulent inducement. Thus, the district court erred in granting Lang's motion to dismiss and denying American's request for an order compelling arbitration. However, it is unnecessary to remand the case for further summary judgment proceedings because, based on Lang's allegations and the controlling law, the case is remanded to the district court for an order compelling arbitration of the dispute between American and Lang.

In cases involving an allegation of fraud in connection with a contract containing an arbitration agreement, this court has determined that "the statutory language [of the Arbitration Act] does not permit the federal court to consider claims of fraud in the inducement of the contract generally." Bhatia v. Johnston, 818 F.2d 418, 421 (5th Cir. 1987)(citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967)). If the fraud claim relates to the entire agreement, it must be determined by an arbitrator. Bhatia, 818 F.2d at 421. If the alleged "fraudulent inducement focused specifically on the arbitration provision, the court may first address the issue." Id.

Lang's allegations of fraud in his state court complaint reflected that his claims go beyond the validity of the arbitration clause. Lang alleged that agents and/or representatives of the state-court defendants fraudulently represented to him that he was required to purchase insurance policies in order to obtain the loan. Lang further alleged that he depended on the agents' superior knowledge and position to advise him about the loan requirements and insurance matters and that he purchased the insurance policies based on those misrepresentations. Id. at 13. Lang's

allegations reflected that fraudulent misrepresentations were claimed in connection with the overall contract. Because Lang is challenging the insurance portion of the contract in addition to the arbitration agreement, the entire matter should be submitted to arbitration. See Snap-On Tools v. Mason, 18 F.3d 1261, 1268 (5th Cir. 1994).

Accordingly, the case is remanded to the district court for a determination whether it has subject matter jurisdiction in the case. Assuming that the district court determines that it has subject matter jurisdiction in this case, the order granting the motion to dismiss is vacated and the district court is directed to enter an order compelling the arbitration of Lang's state law claims and staying the state court proceedings. See Prima Paint Corp., 388 U.S. at 406.

VACATED AND REMANDED.