**REVISED, May 8, 1998**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 97-30148
_____

GERALDINE ARD; LILLIE ATKINS; ANTHONY BANKS; MARY BANKS, individually and as natural tutrix of her minor children, Earnest Banks and Travis Thompson; ROOSEVELT BANKS; BERNICE BOND; JOE BROWN; OTIS BURTON; CLARA BUTLER; FRED BUTLER, JR.; GEORGIA BUTLER, individually and as natural tutrix of her minor children, Latilda Butler and Ledell Butler; PHYLLIS BUTLER, individually and as natural tutrix of her minor children, Brice Butler and Travis Butler; WILLIE PAUL BUTLER; CHELIS CAIN; JIMMIE COLEMAN; LOUJ COLEMAN; JOHN COLEMAN; ALICENA COLEMAN; JOSEPH COLEMAN; SAMUEL COLEMAN; EDIS COLEMAN; SYLVIA COLEMAN, individually and as natural tutrix of her minor child, Travis Duncan; ZOLA COLEMAN, individually and as natural tutrix of her minor children, Broderick Coleman and Kendra Coleman; DOROTHY DONAHUE; DEBRA DUNN, individually and as natural tutrix of her minor children, Joseph Dunn, Tiffany Dunn and Brittany Dunn; EARL FOREMAN; LISA FOREMAN; SHIRLEY FOREMAN, individually and as natural tutrix of her minor children, Shameka Foreman, Theressa Foreman, and Earl Foreman, Jr.; ELOISE FOSKEY; TERA FOX, individually and as natural tutrix of her minor child, Damon Fox; CATHERINE GLASS, individually and as natural tutrix of her minor child, Chandra Glass; MARY GILMORE, individually and as natural tutrix of her minor children, Datrice Gilmore, Laketha Gilmore, Mona Gilmore and Lake Gilmore; STANLEY GORDON; FELTON HALL; WARREANER HALL, individually and as natural tutor of his minor child, Alisha Bidon; PRISCILLA HALL, individually and as natural tutrix of her minor children, Lavert Hall and Trendale Hall; JANICE HAMLER, individually and as natural tutrix of her minor children, Aleisha Hamler and Gebrea Hamler; MARTHA HAMLER, individually and as natural tutrix of her minor children, Kaneka Hamler, Dwoyne Atkins, Daquarius Hamler and Sheilia Hamler; SHARON D. HENDERSON; JEFF HITCHEN; FLOYD HITCHEN; ROSE HITCHEN, individually and as natural tutrix of her minor children, Alex D. Hitchen and Floyd Hitchen, Jr.; ARISE HITCHEN, individually and as natural tutrix of her minor child, Tyeka Hitchen; DAMITA HITCHENS, individually and as natural tutrix of her minor child, Michael Holland, Jr.; EDWARD HITCHEN; HELEN HITCHEN, individually and as natural tutrix of her minor child, Lenora Hitchen; RENA HITCHENS; TIRRELL HARRELL; DEDRIC HARRELL; ELLISON HARRELL; KIMBERLY HOLLINS; ROBERT HITCHENS; ELIZABETH HITCHENS; BUNION HOLLAND; LEOLA HOLLAND, individually and as natural tutrix of her minor children, Danielle Holland, Denise Holland, Delores Holland and Stafford Holland, Jr.; HELEN HOLMES, individually and as natural tutrix of her minor child, Randy Holmes; RIVERS HOLMES; MIRQUIE HOLMES, individually and as natural tutrix of her minor children, A. J. Jackson and Wanell Armstrong; LEOLA HOOFKIN; DARLENE HORTON; ERIC HUGHES; JOHN L. HUGHES; MELVIN HUGHES; SARAH

HUGHES; PERCY HUTSON; WILMETA HUTSON, individually and as natural tutrix of her minor child, Percy Hutson, Jr.; ANNA AUGUSTA JACKSON; GLENDA C. JACKSON, individually and as natural tutrix of her minor children, Dakeithi Jackson, Trenise Jackson and Kimberly Jackson; CLARETHA JAMES, individually and as natural tutrix of her minor children, Lenche Carter and Quenche Carter; CHARLIE JARRELL; CURTIS JENKINS, JR.; MARIE JENKINS, individually and as natural tutrix of her minor children, Mark Jenkins and Curtis Jenkins, III; FRANCIS JOHNSON; LEVY JOHNSON; LEVY JOHNSON, JR., individually and as natural tutor of his minor child, Chenea Johnson; KENNY JOHNSON; LINDA V. JOHNSON, individually and as natural tutrix of her minor children, Linda Charlene Johnson and Victoria Johnson; LOUISE M. JOHNSON, individually and as natural tutrix of her minor children Dwola Johnson and Michael Johnson; MINNIE JOHNSON; NORWOOD JOHNSON; VANESSA JOHNSON, individually and as natural tutrix of her minor children, Quentin Johnson and Jeffrey Johnson; WILLIE JOHNSON; DORIS JYLES, individually and as natural tutrix of her minor children, Derrick Jyles, Yasmine Jyles and LaQuinton Jyles; EARNESTINE JYLES, individually and as natural tutrix of her minor children, Lance Jyles, Jacqueline Jyles and Jacky Jyles; HERBERT JYLES; JOSEPH JYLES; LEVERSE JYLES, JR.; RONNIE JYLES; SHEILA JYLES, individually and as natural tutrix of her minor children, Steaven Porter, Sheena Porter, Paul Porter and Jessica Porter; SYLVIA M. JYLES, individually and as natural tutrix of her minor children, Christi Jyles, Walter Jyles, Laquhea Jyles and Jacqtta Jyles; MARY KEMP, individually and as natural tutrix of her minor child, Chester Kemp; SONIA KINZEY, individually and as natural tutrix of her minor child, Laquita Knox; DOROTHY KNOX, individually and as natural tutrix of her minor children, Felix Knox, Jr., Deborah Ann Knox and Demetria Knox; FELIX SR. KNOX; MARVIN LEE, individually and as natural tutor of his minor children, Marvin Lee, Jr. and Shemka Jyles; SHERRI LEE; BELINDA LONDON, individually and as natural tutrix of her minor children, Brittney London and Roneca London; FRED LONDON, JR.; JOE JAMES LONDON; LILLIE ROSE LONDON; LORETTA LONDON, individually and as natural tutrix of her minor child, Tyneshia London; JAMES MACK; IDELL MASON, individually and as natural tutrix of her minor children, Katressa Mason, Heather Mason, Dairius Mason and Nadia Mason; NED MAYBERRY; MARY MAYBERRY; LOIS MCCARTNEY; LEANDEROUS MCCLENDON; ANNETTE MCCLENDON, individually and as natural tutrix of her minor children, Leanderous McClendon, Jr., Lakisha McClendon and Temeka McClendon; ROBERT MCCLENDON; PATRICIA MCCLENDON, individually and as natural tutrix of her minor child, Shanankeia McClendon; SHIRLEY MCCLENDON, individually and as natural tutrix of her minor child, Tyneisha McClendon; VERNON MCMORRIS, JR.; LINDA K. PATTERSON, individually and as natural tutrix of her minor children, Tiffany Patterson, Darcell Rheams and Ernest Rheams; DERRY MITCHELL; DEBBIE PORTER, individually and as natural tutrix of her minor child, Andra Porter; ELI PORTER; SARAH PORTER; FANNIE PORTER; GARY PORTER; JERRY PORTER; MARY PORTER, individually and as natural tutrix of her minor child, Jerrica Porter; THOMAS J. PORTER; JONESNESE PORTER, individually and as natural tutrix of her minor children, Maranda Porter, Nzinga Porter, Thomas Porter, Jr., Jarod Porter, Shandron Porter, Ashley Porter and Myran Porter; WILLIE PORTER, individually

and as natural tutor of his minor children, Kimberly Porter, Jeremiah Porter, Danielle Porter, Nakia Porter and Daniel Porter; ROBERT REESE, individually and as natural tutor of his minor child, Octavia Reese; CLARA RINGO; JAMES RINGO; CAROLYN RINGO, individually and as natural tutrix of her minor children, Yolanda Ringo and James Ringo, Jr.; MILDRED RINGO, individually and as natural tutrix of her minor children, Terry Ringo and Tammy Ringo; CARRIE ROBERTSON, individually and as natural tutrix of her minor child, Jerome Robertson; GERTRUDE ROBINSON, individually and as natural tutrix of her minor children, Chyneikah Robinson, Candis Robinson, Corie Robinson, Jessica Robinson, Clarence Robinson and Robert Robinson; CHANEY ROBERTSON, JR.; BERTHA LEE ROBERTSON, individually and as natural tutrix of her minor child, Joseph Robertson; RUBY ROBERTSON, individually and as natural tutrix of her minor children, Lionel Jyles and Herbert Jyles; VERA ROBINSON, individually and as natural tutrix of her minor child, Allen Robinson; EMANUEL ROSS; MELVIN ROSS; DELORIS H. SCOTT, individually and as natural tutrix of her minor child, Joseph Scott; ROOSEVELT SCOTT; JENNIFER SCOTT, individually and as natural tutrix of her minor child, Brianna Scott; JOHN E. SCOTT, individually and as natural tutor of his minor child, John Scott; GUS SHROPSHIRE; SALLY SHROPSHIRE, individually and as natural tutrix of her minor child, Willie Shropshire; PAMELA SIMMONS, individually and as natural tutrix of her minor children, La'Clarence Simmons and D'Trentta Simmons; COLUMBUS SMALL; ARIZOLA SPEARS, individually and as natural tutrix of her minor child, Ashley Spears; WENDELL C. STEWART, individually and as natural tutor of his minor children, Shanderrecca Stewart and Wendolyn Stewart; GLORIA TANNER; GLORISTINE T. TANNER; ANDREA TAYLOR, individually and as natural tutrix of her minor child, Ashley Taylor; BARBARA TAYLOR, individually and as natural tutrix of her minor children, Sheena Taylor and Shayna Taylor; EMMITT TAYLOR, JR.; PAMELA TAYLOR; MARTHA H. THOMPSON; MELVINA TAYLOR; ROBERT TAYLOR; HARRIET TAYLOR, individually and as natural tutrix of her minor children, Darrick Taylor, Robert Taylor, Jr., and Sharon Taylor; SHARON TAYLOR; BOBBIE JEAN TILLIS, individually and as natural tutrix of her minor children, Brikiyok Tillis and Alberta Tillis; LENARD TUCKER; MITTIE M. TUCKER; MARY LOUISE TURNER, individually and as natural tutrix of her minor children, Carlos Turner, Lee Turner and Donrico Turner; LYLIE BELL WALLACE; JARON WHITE, individually and as natural tutor of his minor child, Deionte White; VERIA C. WHITE, individually and as natural tutrix of her minor children, Jaworsky White and Deyondra White; WILLIE WHITE; LASHEL WILLIAMS, individually and as natural tutrix of her minor children, Christopher Williams and Dowlin Williams; EMMA WRIGHT; S. A. WRIGHT; LOUISE WRIGHT; BESSIE WYRE, individually and as natural tutrix of her minor children, Clifford Wyre and Ashley Wyre; GERALD WYRE; LEROY WYRE, individually and as natural tutor of his minor child, Sharoy Wyre; ANGELA H. WRIGHT, individually and as natural tutrix of her minor children, Brady Holmes and Arabia Wright; MATTIE H. WYRE, individually and as natural tutrix of her minor child, Letisha Pitt; QUAQUITTA MASON; BOBBY JACKSON; DEMETRIA JACKSON, individually and as natural tutrix of her minor children, Niescha Jackson, Lakesha Jackson, Bobby Jackson, Jr., Latrisa

3

Jackson and Demetrius Jackson; MARION MYLES; ALEISHA MYLES; MELLA
WILLIAMS, individually and as natural tutrix of her minor children,
Nicholas Williams and Kendrick Williams; BRIDGET S. KNIGHTEN; ORA
L. KNIGHTEN; GLORIA COLLINS, individually and on behalf of her
deceased husband, Charles Collins, and as natural tutrix of her
minor children, Kendra Collins and Kelli Collins,

Plaintiffs-Appellants,

VERSUS

TRANSCONTINENTAL GAS PIPE LINE CORPORATION,

Defendant-Appellee.

_____

Appeals from the United States District Court
For the Middle District of Louisiana
_____

April 20, 1998

Before DAVIS, JONES and DENNIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Geraldine Ard and approximately 350 other plaintiffs challenge
the district court's order refusing to remand this case to the
state court. The district court determined that the § 1332
jurisdictional amount was met by aggregating the punitive damage
claims. We reverse and remand for further proceedings consistent
with this opinion.

I.

Geraldine Ard initially filed suit against Transcontinental
Gas Pipe Line Corporation (Transco) in Louisiana state court for
damages she suffered as a result of a natural gas pipeline
explosion. The natural gas pipeline was owned and operated by
Transco in St. Helena Parish. Approximately 350 individuals,
including several minors, permissively joined Ard's suit as

4

plaintiffs.  The Plaintiffs sought both compensatory and punitive damages.  The Plaintiffs submitted affidavits to the state court executed by each individual plaintiff which stipulated that each of their claims was less than $50,000, and that they would not attempt to recover an amount in excess of $50,000.  In an *ex parte* order, the state court accepted the stipulations and directed that they were considered binding on each plaintiff.

Transco removed the case to federal district court, asserting jurisdiction based on diversity of citizenship under 18 U.S.C. § 1332.  The Plaintiffs moved to remand the case to state court, alleging that the jurisdictional amount was not satisfied due to the state court "stipulations" regarding damages.  Transco argued that the punitive damages of all plaintiffs could be aggregated for purposes of determining the amount in controversy under § 1332.  In the alternative, Transco argued that the Plaintiffs' affidavits limiting their recovery were legally insufficient, or in the further alternative, that at least one plaintiff's claim exceeded $50,000 and the court was able to exercise supplemental jurisdiction over the remaining claims.

The district court denied the Plaintiffs' Motion to Remand, on grounds that the punitive damage claims of all Plaintiffs could be aggregated for purposes of determining the amount in controversy. The district court concluded that the aggregated amount exceeded the $50,000 jurisdictional requirement.[1]  The district court then

_____

[1]  This cause of action arose before the new amount in controversy requirement of $75,000 went into effect.  Federal Courts Improvement Act of 1996, Pub. L. No. 104-317, 110 Stat. 3847 (1996).

certified its interlocutory order denying the motion to remand as suitable for appeal under 28 U.S.C. § 1292(b). On February 12, 1997, this court granted the Plaintiffs' Petition for Permission to Appeal the interlocutory order.

## II.

This court's jurisdiction derives from the district court's certification of its interlocutory order denying the motion to remand as suitable for appeal under 28 U.S.C. § 1292(b). Our jurisdiction is therefore limited to the review of the district court's determination that the Plaintiffs' punitive damage claims can be aggregated for the purpose of determining jurisdictional amount.

A district court's denial of a motion to remand is reviewed *de novo*. Vasquez v. Alto Bonito Gravel Plant Corp., 56 F.3d 689, 692 (5th Cir. 1995).

Although the Supreme Court has never considered whether punitive damage claims from separate plaintiffs may be aggregated for determinations of jurisdictional amount, it has considered whether claims in general can be aggregated. See 14A Wright, Miller and Cooper, Federal Practice and Procedure § 3705 (1985). In Snyder v. Harris, the Court considered "whether separate and distinct claims presented by and for various claimants in a class action may be added together to provide the $10,000 jurisdictional amount in controversy." 394 U.S. 332, 333 (1969). The Snyder Court upheld the settled rule that "the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." Id. at 335. The

Court reaffirmed this principle in later cases. <u>See, e.g.</u>, <u>Zahn v. International Paper Co.</u>, 414 U.S. 291 (1973) (reaffirming <u>Snyder</u> and expanding the nonaggregation rule such that each plaintiff must independently reach the jurisdictional amount).[2]

The circuits have not taken a consistent position on this question of whether the punitive damages claimed by multiple plaintiffs can be aggregated, and the entire amount allocated to each plaintiff, for the purpose of determining jurisdictional amount. The Second Circuit held that punitives may not be aggregated because "the class members' claims are 'separate and distinct.'" <u>Gilman v. BHC Securities, Inc.</u>, 104 F.3d 1418, 1430 (2d Cir. 1997)). The Seventh Circuit followed the same reasoning in <u>Anthony v. Security Pacific Financial Services</u>. 75 F.3d 311 (7th Cir. 1996). The panel concluded that "[t]he plaintiffs in this case would have to recover on average at least $47,118.36 in punitive damages to satisfy 28 U.S.C. § 1332." <u>Id.</u> at 315. It is clear, therefore, that the panel rejected the possibility of aggregating the plaintiffs' punitive damage claims in order to satisfy the jurisdictional amount requirement.[3]

The Eleventh Circuit reached the opposite result in <u>Tapscott</u>

---

[2] Although it is not important for our analysis, this Circuit has recognized that <u>Zahn</u>'s holding that each plaintiff must independently satisfy the jurisdictional amount has been overruled due to congressional amendment of 28 U.S.C. § 1367. <u>See</u> <u>In Re Abbott Laboratories</u>, 51 F.3d 524, 529 (5th Cir. 1995). Neither this holding nor the premise which underlies it affects our analysis in this case.

[3] For a somewhat analogous treatment of the aggregation question, <u>see</u> <u>Goldberg v. CPC International, Inc.</u>, in which the Ninth Circuit held that the attorney's fees claimed by members of a class action cannot be aggregated for purposes of determining the jurisdictional amount. 678 F.2d 1365, 1367 (9th Cir. 1982).

v. MS Dealer Service Corp. 77 F.3d 1353 (11th Cir. 1996). In Tapscott, it held that due to the nature of punitive damages under Alabama law and the particular facts at issue, punitive damages were properly aggregated. Id. at 1358-59.

Two panels in our own circuit took different approaches to deciding whether to aggregate punitive damages and reached different results. In Lindsey v. Alabama Telephone Co., the plaintiffs brought a class action under Alabama law against two telephone companies. 576 F.2d 593, 593 (5th Cir. 1978). The plaintiff class alleged that the defendants wrongfully collected deposits by threatening to discontinue service, wrongfully discontinued services, and misrepresented their authority to charge deposits. Id. at 593. The panel's jurisdictional analysis began with a recitation of the Supreme Court rule that the claims of class plaintiffs may not be aggregated to satisfy the jurisdictional amount. Id. at 594 (citing Snyder v. Harris, 394 U.S. 332 (1969)).

The panel then considered the plaintiffs' claims to see whether the $10,000 jurisdictional amount was met. The plaintiffs claimed $2,000 in compensatory damages. The class sought $1,000,000 in punitive damages so that the total amount claimed was $1,002,000. In holding that the plaintiffs had failed to allege jurisdictional amount, the panel stated "[s]ignificantly, the complaint nowhere alleges the number of persons in the class, an allegation that would have permitted the court to ascertain what dollar amount represents the 'amount in controversy' for each member of the class." Id. The panel concluded that the defendant

8

could not show that the class was small enough to result in a division of the damages that would result in each plaintiff meeting the jurisdictional amount, and that the district court therefore had no jurisdiction over the claim.  Id.

Lindsey therefore applies Snyder's reasoning that compensatory damage claims cannot be aggregated for jurisdictional purposes to the context of punitive damage claims.

In Allen v. R & H Oil & Gas Co., 63 F.3d 1326 (5th Cir. 1995), this court held that the nature of punitive damages under Mississippi law required that the punitive damage claim of all plaintiffs should be aggregated, and the entire amount allocated to each plaintiff, to determine the jurisdictional amount.  In Allen, 512 plaintiffs joined together to assert tort claims in a Mississippi state court against the defendants for damages resulting from an explosion and release of toxic fumes.  Id. at 1329.  The plaintiffs sought both compensatory and punitive damages, but did not allege specific amounts of damages.  Id.  The action was removed to federal court based on diversity jurisdiction.  In finding the requisite jurisdictional amount, the district court "reasoned that the aggregation of the potential punitive damages award was proper, as each plaintiff shared a common and undivided interest in the claim."  Id.

The Allen panel held that under Mississippi law, punitive damages are "fundamentally collective," the purpose of which is "to protect society by punishing and deterring wrongdoing."  Id. at 1333.  The panel further concluded that in Mississippi, punitive damages are "not compensatory," and therefore are "individual

9

awards in function only," and that they are awarded at the judge's discretion. Id. at 1333. The panel concluded: "because of the collective scope of punitive damages and their nature as individual claims under Mississippi law, we hold that under Mississippi law the amount of such an alleged award is counted against each plaintiff's required jurisdictional amount." Id. at 1335.

The Allen panel emphasized, however, that its decision was driven by the peculiar nature of punitive damages under Mississippi state law. In response to a Petition for Rehearing and Suggestion for Rehearing En Banc, the panel stated:

> the panel is of the unanimous view that the opinion in this case specifically reflects a result under the Mississippi law of punitive damages and is not to be construed as a comment on any similar case that might arise under the law of any other state.

Allen v. R & H Oil & Gas Co., 70 F.3d 26, 26 (5th Cir. 1995). It is therefore clear to us that Allen departs from Lindsey solely because of the peculiar nature of punitive damages under Mississippi law, and does not purport to establish a precedent for aggregation of punitive damage claims asserted under federal law or the law of any other state.

In summary, Lindsey holds that ordinarily the punitive damage claims of multiple plaintiffs may not be aggregated for purposes of determining jurisdictional amount. In Allen, the panel held that due to the peculiar nature of Mississippi law, it was appropriate to aggregate punitive damage claims of multiple plaintiffs and attribute the aggregated amount to each individual plaintiff. It is unclear to us what Mississippi law regarding punitive damages drove the Allen panel to depart from Lindsey's rule, but we find no

10

principle in Louisiana law regarding the nature of punitive damages that permits us to depart from <u>Lindsey</u>.  We therefore hold that in this case, the punitive damage claims of the multiple plaintiffs should not be aggregated, and once aggregated, attributed to each individual plaintiff for determinations of jurisdictional amount.

We therefore disagree with the district court's conclusion that Plaintiffs' punitive damage claims can be aggregated for purposes of determining jurisdictional amount.  Accordingly, we remand this case to the district court for further proceedings consistent with this opinion.[4]

REVERSED and REMANDED.

---

[4]  The Appellee also argues that some of the affidavits Plaintiffs filed purporting to limit each claim to less than the jurisdictional amount were not effective to accomplish this result and therefore the affidavits cannot defeat removal.  The district court will have an opportunity to consider this argument on remand.