Linda BEICHLER, et al.    Plaintiffs

v.

CITIGROUP, INC., et al.    Defendants

No. CIV.A.3:02–CV–447 BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 16, 2003.

covery exists against the Mississippi defen-    dants.

Eric Thurston Hamer, Kenneth C. Miller, Miller, Hamer & Hall, PA, Jackson, MS, for plaintiffs.

Stephen E. Gardner, Young Williams, Henderson & Fuselier, Jackson, MS, John R. Chiles, Elizabeth B. Shirley, Burr & Forman, Birmingham, AL, for defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiffs to Remand. Having considered the Motion, Response, Rebuttal, supporting and opposing memoranda, and all attachments to each, the Court finds that the Motion to Remand is well taken and should be granted.

### I. Factual Background and Procedural History

The six Plaintiffs [1] in this cause of action were all allegedly customers of the five corporate Defendants [2]. The Plaintiffs al-

1. The original Complaint states a total of fourteen Plaintiffs. After Defendants raised arguments pertaining to federal jurisdiction because of the pendency of bankruptcy suits involving eight of the Plaintiffs, those eight Plaintiffs were dismissed. Therefore, only six Plaintiffs remain as parties. The remaining Plaintiffs are: Tracey Booker, Doyle Childress, Debra Harris, Quay Jones, Sherri Kelley and Sally Ward. All six of the remaining Plaintiffs are resident citizens of the State of Mississippi.

2. The Defendants referenced as the "corporate Defendants" are: Citigroup, Inc., Citi-

legedly obtained loans over the last several years from the corporate Defendants in branch offices across Mississippi. Defendants Paul Spears, Janice Sims and Jimmie Richardson (hereinafter collectively referenced as "the individual Defendants"), all of whom are residents of Mississippi, allegedly worked at the branch office locations of the corporate Defendants, and allegedly took part in making the subject loans to some or all of the Plaintiffs.[3]

Plaintiffs allege that Defendants made loans to them without adequately and/or accurately disclosing the terms of the loans or loan charges. Plaintiffs also allege that Defendants improperly required them to purchase insurance as part of their loans and failed to disclose the terms of the insurance. Based on these allegations, Plaintiffs filed the subject suit in the Circuit Court of Smith County, Mississippi, bearing cause number Civil Action No.2002–141. The state court suit was filed at some time in April 2002. The Complaint alleges the following causes of action:

| | |
|---|---|
| Count One: | common law fraud |
| Count Two: | fraud *in factum* |
| Count Three: | constructive fraud |
| Count Four: | civil conspiracy |
| Count Five: | unconscionability |
| Count Six: | economic duress |
| Count Seven: | fraudulent deceit |
| Count Eight: | continuing fraudulent misrepresentations, suppressions and deceit |
| Count Nine: | fraudulent concealment |
| Count Ten: | tortious interference with the right to a jury trial and fraud in the procurement of the arbitration agreement |
| Count Eleven: | recklessness, wanton or malice in inflicting emotional distress upon Plaintiffs |
| Count Twelve: | declaratory complaint |

Plaintiffs seek compensatory damages, punitive damages and attorneys' fees. The *ad damnum* clause of the Complaint

financial Corporation, Citifinancial, Inc., Associates First Capital Corporation and Associates Corporation of North America. For diversity of citizenship purposes, all of the Corporate Defendants are citizens of states other than Mississippi.

further states that "each Plaintiff limits his or her damages to not exceed $74,999.00...."

The corporate Defendants removed the case to this Court on May 7, 2002, on diversity of citizenship grounds. The corporate Defendants allege that the individual Defendants were fraudulently joined, thus their citizenships should be disregarded in determining whether diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332. The corporate Defendants further allege that the amount in controversy requirement of § 1332 is met because Plaintiffs' claims for punitive damages must be aggregated and applied to each Plaintiff to determine the applicable amount in controversy. Plaintiffs filed the subject Motion to Remand on June 3, 2002. The Motion is now ripe for consideration.

## II. *Analysis*

The corporate Defendants removed the case *sub judice* to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between(1) citizens of different states...." Defendants allege that because the individual Defendants were fraudulently joined, the diversity of citizenship prong of § 1332 is met. However, because the Court finds herewith that the required amount in controversy, damages in excess of $75,000, is not met, the fraudulent joinder argument need not be addressed.

---

**3.** The Court notes that Defendants specifically deny that any of the individual Defendants took part in making loans to any of the Plaintiffs, or in dealing with any of the Plaintiffs in any manner. However, as the Court's decision hinges upon the amount in controversy issue, this allegation is immaterial to the analysis contained herewith.

28 U.S.C. § 1441 sets forth the standards by which a case may be removed from state court to federal court. Section 1441(a) provides in relevant part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The removing party bears the burden of establishing federal jurisdiction." *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir.1989) (citation omitted). Whether a case is removable must be determined by reference to the allegations made in the original pleadings. *Wheeler v. Frito–Lay, Inc.*, 743 F.Supp. 483, 485 (S.D.Miss.1990). The United States Court of Appeals for the Fifth Circuit has held that when removal is based on diversity of the parties, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000. *See, Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) (citation omitted). A court has two methods by which the amount in controversy may be determined. First, removal is proper if it is facially apparent from the complaint that the claims are likely to be above $75,000. *Id.* Second, if it is not facially apparent that the claims are likely to be above $75,000, a removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of the requisite amount. *Id.* However, removal may not be based simply upon conclusory allegations. *Id.* (citation omitted).

In the subject case, the Complaint limits damages to $74,999.00 per Plaintiff. Totaling the claims of the six Plaintiffs obviously meets this Court's jurisdictional minimum amount in controversy requirement. However, "separate and distinct demands" of multiple plaintiffs in a single suit typically cannot be aggregated to meet the jurisdictional amount in controversy requirement. *Allen*, 63 F.3d at 1330 (citations omitted). In other words, the required jurisdictional minimum typically applies separately to each plaintiff in a multiple plaintiff case. Therefore, because none of the individual claims of the Plaintiffs in the subject case exceeds $75,000.00, it is not facially apparent that the jurisdictional minimum is met and the Court must consider the facts of this case to determine whether the amount in controversy requirement is met.

Plaintiffs seek compensatory damages, punitive damages and attorney's fees. The corporate Defendants argue that the aggregate punitive damages claim must be added to *each* of the Plaintiffs' claims to determine whether each Plaintiff meets this Court's jurisdictional minimum amount of $75,000.01. The Court agrees with the argument of the corporate Defendants. However, even with the aggregate damage claim assessed against each Plaintiff in the diversity of citizenship analysis, the corporate Defendants have failed to carry their burden of proving the requisite amount in controversy for federal jurisdiction. As such, the case must be remanded to state court.

The issue of treatment of punitive damages claims of multiple plaintiffs in the amount in controversy analysis was addressed in *Allen*, 63 F.3d 1326. The *Allen* court held that "[a]s punitive damages are collective awards, each plaintiff has an integrated right to the full amount of an award. An award's ultimate distribution does not change this result." *Id.* at 1333–34. The court continued by holding that "because of the collective scope of punitive damages and their nature as individual

claims under Mississippi law, we hold that under Mississippi law the amount of such an award is counted against each plaintiff's required jurisdictional amount." *Id.* at 1335.[4] Based on the *Allen* holding, the aggregate amount of the punitive damages claim in this case must be applied against each Plaintiff to determine whether the amount in controversy requirement for each plaintiff is met.[5] Based on the following case law, this principle applies notwithstanding Plaintiffs' attempt to limit total damages to $74,999.00 per Plaintiff in the Complaint.

With the *Allen* holding established as binding law, the Court next considers the manner in which the amount in controversy must be proven. In *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir.1995), multiple plaintiffs stated in the complaint that damages were limited to $50,000.00 per plaintiff, an amount $0.01 less than the minimum federal amount in controversy at that time. Defendants alleged that each plaintiff's claim was actually worth in excess of $50,000.00 and that plaintiffs exercised bad faith in pleading the jurisdictional facts in order to avoid federal diversity of citizenship jurisdiction. The *DeAguilar* court provided the following guidelines to evaluate this issue:

> [T]he plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. The preponderance burden forces the defendant to do more than point to a state law that might allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional minimum].
>
> \* \* \* \* \* \*
>
> So, once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint.
>
> \* \* \* \* \* \*
>
> At this point, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury*, 303 U.S. at 289, 58 S.Ct. at 590.

*Id.* at 1412 (footnote omitted).

▮ The *DeAguilar* holding can be reduced to a two part test to determine the jurisdictional amount. First, the defendant(s) must produce evidence that the jurisdictional amount is met. The evidence produced by defendant(s) is weighed under a preponderance of the evidence standard. Second, if the burden of the defendant(s) is met, then to avoid the exercise of federal jurisdiction, the plaintiff(s) must prove to a legal certainty that the

---

4. Finding that punitive damages awards under Mississippi law are collective awards that must be assessed against each Plaintiff's claim, the *Allen* court focused on the contents of Miss.Code Ann. § 11–1–65. *Id.* at 1333. The following excerpt from § 11–1–65(1)(e) distinguishes between the purpose of punitive damages and the purpose of compensatory damages in Mississippi: "[T]he primary purpose of punitive damages is to punish the wrongdoer and deter similar misconduct in the future by the defendant and others while the purpose of compensatory damages is to make the plaintiff whole."

5. The *Allen* holding has been called into question by other Fifth Circuit panels. *See, e.g., Ard v. Transcon. Gas Pipe Line Corp.*, 138 F.3d 596 (5th Cir.1998). However, *Ard* was decided under Louisiana law and the *Allen* holding was specific to Mississippi law. As such, the holdings in *Allen* continue to represent binding law in this case.

claim(s) are less than the requisite jurisdictional minimum.

In the case at bar, the corporate Defendants produced no evidence whatsoever that each Plaintiff's claim exceeds the $75,000.00 jurisdictional minimum of this Court. The corporate Defendants successfully argued that the aggregate punitive damages claim should be applied to each Plaintiff in determining each Plaintiff's total claim, but failed to proceed to the next required phase of the analysis. That is, they failed to provide any proof whatsoever to the effect that the total of each Plaintiff's compensatory and punitive damages claim exceeds $75,000.00. This could have been done by presentation of factually similar Mississippi cases in which plaintiffs were awarded sums in excess of the federal jurisdictional limit. *See, Smith v. Associates Capital Bank*, No. Civ. A. 1:99CV301–P–A, 1999 WL 33537131 at *6 (N.D.Miss. Dec.6, 1999)(in a case factually similar to the subject case, holding that defendant met the burden of proving that the jurisdictional amount in controversy was met by citing two cases in which the jury verdicts significantly exceeded the federal minimum jurisdictional amount). The corporate Defendants did nothing more than conclude that the amount in controversy requirement is met because the total punitive damages claim must be applied to each Plaintiff's claim in calculating the amount in controversy. Such a conclusory allegation is insufficient to carry the burden of proof of the corporate Defendants. *See, Allen*, 63 F.3d at 1335 (holding that removal may not be based simply upon conclusory allegations) (citation omitted).

■ Under some circumstances, a federal court may find that the jurisdictional minimum is *obviously* met because of the assessment of the total punitive damages claim to each plaintiff. For example, in *Agnew v. Commercial Credit Corp.*, No. Civ. A. 4:02CV47LN, 2002 WL 1628537 at *3 (S.D.Miss. July 11, 2002), the court held that "[t]here is no doubt that these one hundred [and] fourteen plaintiffs' claims for punitive damages collectively exceed $75,000." However, *Agnew* is distinguishable from the subject case. *Agnew* involved the punitive damages claims of one hundred and fourteen plaintiffs, while the subject case involves the claims of six Plaintiffs. This Court recognizes that the punitive damages claims of the six subject Plaintiffs combined with each of their claims for compensatory damages could possibly exceed $75,000.00. However, such is not "obvious" to the Court, and as stated above the corporate Defendants provided no proof of such. Because questionable issues involving a motion to remand must be decided in favor of remand (*see, Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992)), the Court must find that the requisite minimum amount in controversy for diversity of citizenship jurisdiction is not met in this case.[6]

■ The corporate Defendants also claim that Plaintiffs' claims for attorneys' fees should be included in the amount in controversy calculation. In *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir.1990), the court held that if a claim for attorney's fees in a diversity of citizenship case is supported by applicable state law, the amount of the attorney's fees claim must be considered in the amount in controversy calculation. In the subject case, the corporate Defendants have provided no evidence to the effect that Plain-

---

**6.** Because the corporate Defendants failed to produce evidence that the jurisdictional amount is met (the first *DeAguilar* test), the Court need not analyze the second test set forth in *DeAguilar* pertaining to the Plaintiffs' burden of proof.

tiffs' attorneys' fees claim is supported by Mississippi law. The Court therefore finds that the claim for attorneys' fees should not be included in the amount in controversy calculation in this case. This further supports the Court's finding that the amount in controversy requirement is not met in this case.

### III. *Conclusion*

The Court finds that diversity of citizenship jurisdiction in this case cannot be exercised because the amount in controversy requirement is not met. Because the amount in controversy requirement fails, the remaining arguments in Plaintiffs' Motion to Remand and in Defendants' Response to the Motion need not be considered. The Court finds that Plaintiffs' Motion to Remand is well taken and should be granted.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [8–1] is well taken and is hereby granted in accordance with 28 U.S.C. § 1447(c). This case is hereby remanded to the Circuit Court of Smith County, Mississippi, with all of the parties bearing their own costs.