**John AMOS; et al. Plaintiffs**

v.

**CITIFINANCIAL CORPORATION; et al. Defendants**

No. 4:02CV52–D–B.

United States District Court, N.D. Mississippi, Greenville Division.

Feb. 6, 2003.

Ralph E. Chapman, Chapman, Lewis & Swan, Clarksdale, John H. Daniels, III, Dyer, Dyer, Dyer & Jones, Greenville, Gregory Martin Zarzaur, Hollis & Wright, PC, Birmingham, AL, for John Amos, Annie Norman, Timmy O'Bryant, Betsy O'Bryant, Walter Jones, John Edward Keaton, Bettye J. Keys, Reshunda B. Morgan, Anne Smith, Paul Smith, Margaret Z. Smith, James Nathaniel, Mary Nathaniel, John Nellum, Tonie Goss Nicholson, Tonya Owens Norwood, Betty O'Neal, Josie Jordan, Susan A. Kennard, IDA Keys.

Paul Scott Phillips, Campbell, Delong, Hagwood & Wade, Greenville, John R. Chiles, Elizabeth Bosquet, Burr & Forman, Birmingham, AL, for Citifinancial Corporation.

## OPINION DENYING MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Washington County, Mississippi. In the alternative, the Plaintiffs seek to have the court certify the issues presented in this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Upon due consideration, the court finds that the motion to remand should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a). As for the Plaintiffs' request that the court certify this case for interlocutory appeal, the court finds that the issues presented in the Plaintiffs' motion do not involve any controlling questions of law as to which there is substantial ground for difference of opinion; accordingly, the court denies the Plaintiffs' request for interlocutory appeal certification.

### A. Factual Background

The 499 Plaintiffs in this action separately entered into consumer loan agreements with the Defendant CitiFinancial. The Plaintiffs filed a complaint against CitiFinancial in the Circuit Court of Washington County on February 20, 2002, al-

leging, *inter alia,* fraud and intentional misrepresentation in connection with the loan transactions; in addition to compensatory and punitive damages, the Plaintiffs seek attorneys' fees and costs.

The Defendant removed the case to this court on February 28, 2002, asserting both diversity and bankruptcy jurisdiction as jurisdictional bases for removal. Thereafter, the Plaintiffs motioned the court to remand this matter to state court contending that because the amount in controversy requirement has not been satisfied, federal diversity jurisdiction does not exist and this court lacks subject matter jurisdiction.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different states ..." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.,* 99 F.3d 746, 751 (5th Cir. 1996)..

■ Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *DeAguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir.1995). Here, the Defendant alleges that both of the two major requirements for diversity jurisdiction are present. The Plaintiffs assert, however, that diversity jurisdiction does not exist because their claims are for less than $75,000, the minimum federal diversity jurisdictional amount.[1]

For the reasons set forth below, the court finds that the Plaintiffs' contentions are incorrect. The Defendant has met its burden of establishing the existence of federal diversity jurisdiction, and the Plaintiffs' motion to remand this cause shall therefore be denied.

### C. Discussion

#### 1. Amount in Controversy

The Plaintiffs are not seeking a specified amount of damages. Instead, the complaint simply requests that the Plaintiffs each be awarded "judgment ... for compensatory and punitive damages in an amount to be proven at trial ... not exceeding seventy-four thousand dollars ($74,000.00). The Plaintiffs further demand an award of all court costs, attorneys fees and interest applicable under Mississippi law." *See* Complaint at 28.

■ It is axiomatic that the amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.,* 367 U.S. 348, 353, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938)). When the plaintiff's complaint does not allege a specific amount of damages, however, the removing defendant may establish federal diversity jurisdiction if it can prove by a preponderance of the evidence that the amount in controversy actually exceeds $75,000. *DeAguilar,* 47 F.3d at 1409. This burden is deemed to be met if it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. *Allen*

---

1. It is undisputed that the parties are residents of different states.

v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir.1995). The court determines whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000. Allen, 63 F.3d at 1336. In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought. Id. at 1335.

■ If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335–36; DeAguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. DeAguilar, 47 F.3d at 1412.

■ It is well settled that claims for punitive damages are included in the calculation of the amount in controversy. St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir.1998); Myers v. Guardian Life Ins. Co. of America, Inc., 5 F.Supp.2d 423, 428–29 (N.D.Miss. 1998). Moreover, in suits involving multiple plaintiffs seeking punitive damages under Mississippi law, the court is required to aggregate the plaintiffs' claims for punitive damages in determining the amount in controversy. Allen, 63 F.3d at 1330.

In Allen, the Fifth Circuit held that the nature of punitive damages under Mississippi law requires that the punitive damage claims of all the plaintiffs in a Mississippi multi-plaintiff action be aggregated,

with the entire amount of punitive damages sought being allocated to each plaintiff in order to determine the amount in controversy. Allen, 63 F.3d at 1333–34; Yarbrough v. Household Retail Svcs., No. 1:00CV63–D–D, 2000 WL 679107, at *2 (N.D.Miss. May 4, 2000); Beichler v. Citigroup, Inc., No. 3:02CV447BN, 2003 WL 169905, at *3 (S.D.Miss. Jan.16, 2003).

The Plaintiffs attempt to distinguish Allen by citing more recent Fifth Circuit cases that hold that the aggregation of punitive damages in multi-plaintiff actions is not permissible. H & D Tire and Automotive–Hardware, Inc. v. Pitney Bowes Inc., 227 F.3d 326 (5th Cir.2000); Ard v. Transcontinental Gas Pipe Line Corp., 138 F.3d 596 (5th Cir.1998). Those cases, however, were not cases brought under Mississippi law—H & D Tire was brought under Connecticut law, and Ard was brought under Louisiana law. In Allen, the Fifth Circuit specifically stated that its holding was based on Mississippi law, and the Fifth Circuit has not addressed this point again.

Accordingly, the court holds that Allen's holding applies to the issue of aggregation of punitive damages in multi-plaintiff cases brought under Mississippi law. See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan, 97 F.3d 822, 826 (5th Cir.1996) ("It has been long established that a legally indistinguishable decision of this court must be followed by other panels of this court and district courts unless overruled en banc or by the United States Supreme Court."). Pursuant to Allen, therefore, the punitive damage claims of each of the 499 Plaintiffs will be aggregated in determining the amount in controversy.

■ In light of the court's finding that the punitive damage claims of all 499 Plaintiffs must be aggregated in determining the amount in controversy, there is no

question that the amount in controversy here far exceeds $75,000. Similar cases involving consumer loan disputes in Mississippi have resulted in jury verdicts for punitive damages in the millions. *See e.g., Baker v. Washington Mut. Fin. Group,* No. 98–0026 (Circuit Court of Holmes County, Mississippi) (jury award of $69 million in punitive damages for 23 plaintiffs); *Holmes v. Trustmark Nat'l Bank,* No. 93–4–47 (Circuit Court of Jones County, Mississippi) (jury awarded $38 million in punitive damages).

The court therefore finds by a preponderance of the evidence that it is facially apparent that the amount in controversy in this matter exceeds the jurisdictional limit of $75,000. *See, e.g., Allen,* 63 F.3d at 1335 (holding that "facially apparent" standard was met in case where 512 plaintiffs sued for "property damage and wide-ranging, physical and mental injuries from the explosion and release of toxic waste"); *De Aguilar v. Boeing Co.,* 11 F.3d 55, 57 (5th Cir.1993) (holding that standard was met where plaintiff sued for wrongful death). In fact, the Plaintiffs' inclusion of claims for punitive damages in their complaint compels the conclusion, pursuant to *Allen* and in light of the often massive jury verdicts in disputes of this type, that the Plaintiffs' claims for punitive damages alone far exceeds $75,000.

### 2. Conclusion

In sum, the court finds by a preponderance of the evidence that the amount in controversy in this matter exceeds $75,000, and the Plaintiffs have not shown that it is legally certain that they will not recover more than that amount. The court therefore holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 exists—the matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states. As such, the court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiffs' motion to remand shall be denied.

A separate order in accordance with this opinion shall issue this day.

### ORDER DENYING MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' motion to remand this cause to the Circuit Court of Washington County, Mississippi (docket entries 12, 49) is DENIED;

(2) this cause of action remains in the jurisdiction of the United States District Court for the Northern District of Mississippi;

(3) the Plaintiffs' motion for leave to file an amended complaint (docket entry 13) is DENIED AS MOOT; the Plaintiffs sought and were granted leave to withdraw the motion on December 9, 2002; and

(4) the Plaintiffs' motion seeking to have the court certify the issues presented in this case for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is DENIED.